**Charles Christopher CRABTREE,**
**Appellant**

**v.**

**Amber Lynn CRABTREE, Appellee**

**NO. 2015–CA–000898–ME**

Court of Appeals of Kentucky.

RENDERED: FEBRUARY 12, 2016; 10:00 A.M.

Brief for Appellant: Clyde L. Simmons, Jackson, Kentucky.

Brief for Appellee: Rachel Fortner, Richmond, Kentucky.

BEFORE: DIXON, NICKELL AND VANMETER, JUDGES.

## OPINION

### DIXON, JUDGE:

Appellant, Charles Christopher Crabtree, appeals from a Domestic Violence Order (DVO) issued by the Powell Circuit Court. Finding no error, we affirm.

On April 28, 2015, Appellee, Amber Lynn Crabtree, filed a petition for a DVO in the Powell Circuit Court against Appellant, her husband. Therein, Appellee alleged that Appellant had threatened to commit suicide in front of her and their children if she did not agree to stay married to him. Appellee also claimed that Appellant had been harassing her and stalking her at her friend's and family's homes.

On May 11, 2015, the trial court held a domestic violence hearing. Therein, Appellee testified that she could no longer live with Appellant's repeated threats to shoot himself with a shotgun in front of her and their two minor children. Appellee further recounted an incident wherein Appellant texted her to say he had attempted to take his own life "at the Graveyard," but that his supervisor had intervened and forced him to spend the night at the fire station, where Appellant was apparently employed. The following morning, Appellant called Appellee, stating that he was at their marital residence and was going to kill himself when she and the children arrived home. Appellee again contacted Appellant's supervisors, who went to the residence and thereafter had to wrestle a knife from Appellant and force him to spit up a number of pills he had tried to swallow. Appellee testified that Appellant was waiting for her when she arrived home and, rather than continue to subject herself and the children to the risk of physical or emotional harm from Appellant's repeated suicide threats, she had him committed to Eastern State Hospital.

Appellant also appeared at the hearing pro se and denied that any domestic violence had occurred. However, Appellant did not deny that he had threatened to kill himself in the presence of Appellee and their children on numerous occasions or that he specifically told his supervisor that he was planning to harm himself.

At the close of the hearing, the trial court concluded that Appellant had established by a preponderance of the evidence that domestic violence and abuse had occurred and was likely to occur again in the future. A DVO was entered accordingly. Appellant thereafter appealed to this Court as a matter of right.

Kentucky Rules of Civil Procedure (CR) 52.01 provides that a trial court's "[f]indings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *See also Reichle v. Reichle,* 719 S.W.2d 442, 444 (Ky.1986). Findings are not clearly erroneous if they are supported by substantial evidence. *Moore v. Asente,* 110 S.W.3d 336, 354 (Ky.2003). Substantial evidence is evidence of sufficient probative value that permits a reasonable mind to accept as adequate the factual determinations of the trial court. *Id.* A reviewing Court must give due regard to the trial court's judgment on the credibility of the witnesses. *Id.*

On appeal, Appellant contends that the trial court erred in issuing a DVO because none of Appellee's allegations rose to the level of domestic violence as defined in Kentucky Revised Statutes (KRS) 403.720. Specifically, Appellant contends that Appellee's testimony that Appellant threatened to kill himself in front of her and the children was insufficient to establish that he committed domestic violence and abuse against them. We disagree.

 A trial court may issue a DVO after a full evidentiary hearing "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur." KRS 403.750(1).[1] *See Baird v. Baird,* 234 S.W.3d 385, 387 (Ky.App.2007). The preponderance of the evidence standard requires that the evidence believed by the fact-finder be sufficient that the petitioner is more likely than not a victim of domestic violence. *Commonwealth v. Anderson,* 934 S.W.2d 276, 278 (Ky.1996).

KRS 403.720(1)[2] provides that " '[d]omestic violence and abuse' means physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple." The express purpose of the domestic violence statutes is "[t]o allow persons who are victims of domestic violence and abuse to obtain effective, short-term protection against further violence and abuse in order that their lives will be as secure and as uninterrupted as possible." KRS 403.715(1).[3] Further, the statutes are intended "[t]o expand the ability of law enforcement officers to effectively respond to situations involving domestic violence and abuse so as to prevent further such incidents and to provide assistance to the victims." KRS 403.715(2).[4]

In the unpublished decision in *J.D.Y. v. B.H.D.,* No. 2007–CA–001519–ME (2008 WL 4182050) (September 12, 2008), a panel of this Court was presented with a factual scenario similar to that herein, and concluded:

> After reviewing the record, the family court's findings that the father committed domestic violence and abuse against the mother and their children were proper. The domestic violence statute cannot be interpreted as narrowly as the father suggests. The father informed the mother that he would commit suicide in the presence of their three children. While the father contends that this threat was not directed at hurting any family members, the inevitable consequence of such a statement is to terrorize the recipients of the information. Moreover, while the children did not hear their father's threat, they necessarily were ensnared in the threat as well. Accordingly, the family court's findings were not clearly erroneous, and the issuance of the domestic violence orders was proper.

*Id.* at *4. *See also Dixon v. Dixon,* No. 2009–CA–000408–ME (2009 WL 2341048) (July 31, 2009) ("[W]e believe Kathey's testimony regarding the incidents when she contends O'Dell put a handgun to his head and threatened suicide was substantial evidence of a probative nature which

---

1. Effective until January 1, 2016.

2. Effective January 1, 2016, KRS 403.720(1) now provides that "[d]omestic violence and abuse" means physical injury, serious physical injury, stalking, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]

3. Effective January 1, 2016, KRS 403.715 now provides reads in relevant part:

> (1) Allow victims to obtain effective, short-term protection against further wrongful conduct in order that their lives may be as secure and as uninterrupted as possible; (2) Expand the ability of law enforcement officers to effectively respond to further wrongful conduct so as to prevent future incidents and to provide assistance to the victims;

4. Effective until January 1, 2016.

would indicate that she felt threatened by O'Dell's actions.") *Id.* at *2.

We are of the opinion that Appellant's reliance on *Fraley v. Rice–Fraley*, 313 S.W.3d 635 (Ky.App.2010), is misplaced. Appellant claims that, like the appellee in *Fraley*, Appellee's contradictory statements during the hearing regarding her fear of him warrant reversal of the DVO. The appellee in *Fraley*, however, never alleged that the appellant therein had acted violently toward her in the past or had threatened violence in any manner. Rather, the appellee based her alleged fear of the appellant solely upon her marriage counselor's "uninformed opinion that Dale had sociopathic tendencies" and that she should stay away from him. *Id.* at 640. Although Appellee herein initially indicated that Appellant was not a risk, she later testified that he had been violent in the past and that she was fearful for her physical safety and that of the children. Thus, Appellee's allegations were based entirely upon her long history with Appellant rath-

er than the opinion of a third party, as occurred in *Fraley*.

The trial court herein had the opportunity to judge the credibility of the witnesses and testimony that was presented during the hearing. We conclude that, based on the evidence presented during the hearing, the trial court did not abuse its discretion in finding that an act of domestic violence had occurred and was likely to occur again in the future. As such, issuance of the DVO was proper.

For the reasons set forth herein, the order of the Powell Circuit Court is affirmed.

ALL CONCUR.