RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1544-ME

ALEX HEX                                                                              APPELLANT

v.               APPEAL FROM JEFFERSON CIRCUIT COURT
                 HONORABLE DERWIN L. WEBB, JUDGE
                 ACTION NO. 20-D-500159-001

SAM LARIMER                                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, JONES, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Alex Hex appeals from a domestic violence order

(DVO) entered against him in favor of Sam Larimer. Appellant argues that the

trial court erred in relying on an unpublished case and that threats of suicide are not

acts of domestic violence. Appellant also argues that the trial court failed to make

sufficient findings of fact. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee were once domestic partners. Appellant obtained a DVO against Appellee in 2019. Then on January 16, 2020, Appellee filed a petition for a DVO against Appellant. The trial court did not enter an emergency protective order. After multiple continuances, a hearing was held on November 10, 2020. That same day, the trial court granted the petition for a DVO. The entered DVO is handwritten and short. Seeing as the wording will become an issue later in this Opinion, we will set it forth in full. The DVO stated:

> Petitioner [Larimer] claims Respondent [Hex] has thrown glasses [at] him and has hit him. Said that [Respondent] was emotionally abusive. Says [Respondent] was not respectful of his privacy. Respondent allegedly prevented Petitioner from leaving rooms. Respondent allegedly made threats to hurt himself (suicide).
>
> [Court] finds by a preponderance of the evidence that an act of domestic violence has occurred and likely to occur in the future. Ruling based on Dixon v. Dixon, 2009 WL 2341048 (Ky. App. [2009])[.]

The DVO was entered for a period of three years. This appeal followed.

## ANALYSIS

> Kentucky Revised Statutes (KRS) 403.740(1) provides that "[f]ollowing a hearing ordered under KRS 403.730, if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order[.]" KRS 403.720(1) defines "[d]omestic violence and abuse" as "physical injury, serious physical injury, stalking, sexual abuse, assault, or the infliction of fear of imminent

> physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]"

*Ashley v. Ashley*, 520 S.W.3d 400, 403-04 (Ky. App. 2017).

> The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007). . . . The standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous. [Kentucky Rules of Civil Procedure (CR)] 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). Findings are not clearly erroneous if they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

*Caudill v. Caudill*, 318 S.W.3d 112, 114-15 (Ky. App. 2010).

> "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore*, 110 S.W.3d at 354 (citations omitted).

"[I]n reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted). Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious. *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994) (citations omitted).

*Caudill*, 318 S.W.3d at 115.

Appellant's first argument on appeal is that the trial court erred in relying on an unpublished case and erred in holding that threats of suicide constitute domestic violence. We find no error.

Appellant is correct that the trial court cited to *Dixon*, *supra*, which is an unpublished case. The Court in *Dixon* held that threats of suicide can be considered acts of domestic violence. *Id*. at *2. The court in this case cited to *Dixon* because Appellee testified that Appellant threatened suicide on multiple occasions. Even though unpublished cases are not binding precedent on the courts of Kentucky, CR 76.28(4)(c), we find no error. This Court has ruled in published cases that threats of suicide can be considered acts of domestic violence because such statements can "terrorize the recipients of the information." *Crabtree v. Crabtree*, 484 S.W.3d 316, 318 (Ky. App. 2016); *see also Ashley*, 520 S.W.3d at 405. While the trial court relied on an unpublished case, published cases support

the ultimate conclusion. We also decline to overrule our line of cases which hold that threats of suicide can be considered acts of domestic violence.

Appellant's next argument on appeal is that the written DVO contains no factual findings of domestic violence or abuse. Appellant takes issue with the trial court's use of words like "claim" and "allegedly." Essentially, Appellant argues that the written DVO does not make findings that acts of domestic violence or abuse occurred, only that they were alleged or claimed to have occurred. We disagree. We acknowledge that the trial court used phrases like "Petitioner claims Respondent has thrown glasses [at] him" and "Respondent allegedly made threats to hurt himself," but believe this is not error. The trial court's entry of the DVO indicates that the trial judge believed Appellee's allegations and claims. These are sufficient findings of fact.

Appellant's final argument on appeal is that there was insufficient evidence showing that acts of domestic violence or abuse may occur again, which is a required finding. The trial court held that domestic violence occurred and was "likely to occur [again] in the future." The court did not specify why it held as such and Appellant did not request additional findings. CR 52.04 states:

> A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02.

We are unable to reverse and remand for the failure of the trial court to be more specific; however, we can still review the sufficiency of the evidence even if Appellant did not request additional findings. CR 52.03.

Here, we believe there was sufficient evidence, based on the preponderance of evidence standard, that acts of domestic violence or abuse may occur again. As previously mentioned, Appellant obtained a DVO against Appellee in 2019. Even after the issuance of that DVO, Appellant continued contacting or attempting to contact Appellee. For example, Appellant contacted Appellee's place of employment and spoke to his supervisor. According to Appellee's testimony, Appellant informed the supervisor that Appellee was a terrible person and was suspected of criminal behavior. Appellee testified that Appellant did this on two occasions and Appellee believed Appellant was trying to get him fired. Then, after Appellee filed his petition for a DVO, Appellant posted disparaging comments about Appellee on social media sites. These examples might not rise to the level of domestic violence, but they suggest Appellant was unable to leave Appellee alone, even after obtaining a DVO against him. It was not unreasonable for the trial court to hold future acts of domestic violence could occur.

## <u>CONCLUSION</u>

Based on the foregoing, we affirm the judgment of the Jefferson

Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

David B. Mour
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mary Rives Chauvin
Louisville, Kentucky