RENDERED: JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0098-ME

CHERA LEIGH BOWEN APPELLANT

v.

APPEAL FROM ANDERSON CIRCUIT COURT
HONORABLE S. MARIE HELLARD, JUDGE
ACTION NO. 20-D-00061-001

JACKIE CURTIS BOWEN, JR. APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Chera Leigh Bowen ("Appellant") appeals from

findings of fact, conclusions law, and domestic violence order rendered by the

Anderson Circuit Court, Family Division in favor of Jackie Curtis Bowen, Jr.

("Appellee"). Appellant argues that the circuit court abused its discretion in

finding that domestic violence had occurred and may again occur. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 15, 2020, Appellee sought an order of protection against his wife/Appellant in Anderson Circuit Court, Family Division. Appellee alleged in relevant part that during the course of an argument with Appellant at their residence, she picked up a shotgun with two shotgun shells and threatened to kill herself. According to Appellee, when Appellant approached him he grabbed the shotgun, and she grabbed his neck and broke his necklace. Appellee called the police to report the incident. Appellee stated that Appellant threatened to have him fired from his job, and told the police that he choked her. Appellee alleged that Appellant is bipolar, has severe emotional highs and lows, was abusing her medication, and was becoming increasingly violent. He stated that Appellant had previously swerved her vehicle toward him as if she were going to hit him.

The Anderson Circuit Court entered an emergency protective order ("EPO") on October 15, 2020, and conducted a hearing on October 20, 2020. At the hearing, Appellee called EMS worker Chris Hood and the parties' adult daughter, Laiken Bowen, to testify. After taking proof, the circuit court entered a three-year domestic violence order ("DVO") in favor of Appellee upon finding that

a preponderance of the evidence demonstrated that domestic violence and abuse had occurred and may again occur. The court made no additional findings.

Appellant then moved to alter, amend, or vacate the order. In support of the motion, Appellant argued that the court relied on erroneous and/or fraudulent testimony; that she did not have ample opportunity to call her medical providers to rebut Appellee's claims of mental health issues; and, that her family members were prepared to rebut some of the claims made by Appellee. Appellant also requested additional findings.

Citing *Castle v. Castle*, 567 S.W.3d 908 (Ky. App. 2019), the circuit court determined that Appellant was entitled to additional findings in support of the court's order. The court then amended the DVO to include additional findings that: 1) Appellee was in fear of his safety because Appellant had a shotgun in her hands while threatening to kill herself in front of him; 2) Appellant had two shotgun shells in her hand which she threw at Appellee; 3) Appellant grabbed Appellee's neck; 4) Appellant told the police that she was just trying to scare Appellee with the shotgun; 5) Appellant swerved her vehicle toward Appellee; 6) Appellee believes Appellant is capable of violence and he is afraid of her; and 7) Appellant repeatedly contacted Appellee's employer for the purpose of harassing Appellee.

Citing *Gullion v. Gullion*, 163 S.W.3d 888 (Ky. 2005), the circuit court determined that Appellant failed to prove any of the elements necessary to alter, amend, or vacate the DVO. This appeal followed.

## ARGUMENT AND ANALYSIS

Appellant, through counsel, argues that the Anderson Circuit Court erred in finding that domestic violence had occurred and that it might occur again. Specifically, she contends that threats of self-harm are not automatically indicative of domestic violence, and that her act of grabbing Appellee's neck did not constitute domestic violence. Appellant asserts that though she grabbed the shotgun and threatened to harm herself, it was not a frequent or repeated threat, it did not include threats of harm to Appellee, and was not made to include any minor children. Appellant attempts to distinguish the instant facts from those in *Dixon v. Dixon*, No. 2009-CA-0408-ME, 2009 WL 2341048 (Ky. App. Jul. 31, 2009), wherein domestic violence was found when the actor repeatedly threatened suicide with a handgun after many phone calls in which the victim stated she wanted no contact with the actor. Appellant also distinguishes her actions from other case law where domestic violence was found after threats of suicide were made in front of minor children. The substance of Appellant's argument on this issue is that her isolated threat of suicide, not expressly threatened to be carried out

in front of the minor children, did not rise to the level of domestic violence as set out in Kentucky Revised Statutes ("KRS") 403.720.

As to her claim that grabbing Appellee's neck did not constitute domestic violence, Appellant notes that Appellee was the only person to testify that Appellant was responsible for the physical altercation when he took the shotgun from her and she grabbed Appellee's neck. Appellant argues that this testimony was disputed by Appellant and the parties' adult daughter, who agreed that Appellant had already been disarmed when the parties' altercation became physical. She asserts that in grabbing Appellee's neck, she was simply attempting to prevent him from harming her. Appellant argues that these facts do not constitute a preponderance of the evidence that domestic violence occurred, and that the circuit court committed reversible error in failing to so rule.

> A court may grant a DVO, following a full hearing, "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur[.]" KRS 403.740(1). "'Domestic violence and abuse' means physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between . . . members of an unmarried couple[.]" KRS 403.720(1). To satisfy the preponderance standard, the evidence believed by the fact-finder must show that the victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996). "On appeal, we are mindful of the trial court's opportunity to assess the credibility of the witnesses, and we will only disturb the lower court's finding of domestic

violence if it was clearly erroneous." *Buddenberg v. Buddenberg*, 304 S.W.3d 717, 720 (Ky. App. 2010).

*Hohman v. Dery*, 371 S.W.3d 780, 782 (Ky. App. 2012).

Evidence was adduced that Appellant picked up a shotgun in the midst of a heated verbal altercation, that she retrieved ammunition for the gun, and that Appellee was afraid and did not know if the gun was loaded. Appellee testified that Appellant swerved her vehicle towards him in an apparent attempt to run him over or intimidate him. Appellant also acknowledges that she threatened to commit suicide. A panel of this Court has previously held that threats of suicide coupled with violent acts are sufficient to sustain a trial court's discretionary finding that domestic violence had occurred and was likely to occur again. *Crabtree v. Crabtree*, 484 S.W.3d 316 (Ky. App. 2016); *Dixon*, *supra*. Appellant attempts to distinguish *Dixon* from the matter before us, as the *Dixon* actor threatened suicide more than once whereas Appellant threatened suicide only once. *Dixon* makes no distinction between a single and multiple suicide threats, and we are not persuaded by Appellant's argument on this issue.

## **CONCLUSION**

We conclude from the totality of the record and the law that the Anderson Circuit Court did not abuse its discretion in finding that acts of domestic violence and abuse have occurred and may again occur. Appellant's menacing behavior with the shotgun and ammunition, coupled with her threat of suicide, are

-6-

sufficient to support the circuit court's finding. *Arguendo*, even if Appellant grabbed Appellee's neck in a wholly defensive manner, the facts relating to the shotgun, ammunition, and threat of self-harm are sufficient to sustain the circuit court's finding of domestic violence and abuse. We affirm the order of the Anderson Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Corey M. Nichols
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Dorothy L. Watts
Lawrenceburg, Kentucky