**Paula Diane REICHLE (now Bailey), Appellant,**

v.

**Donald Lee REICHLE, Appellee.**

Supreme Court of Kentucky.

Nov. 6, 1986.

Edwin J. Lowry, Jr., Louisville, for appellant.

Steven J. Kriegshaber, Donald E. Armstrong, Jr., Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the trial court and awarded custody of the minor child to the father.

The principal question is whether the Court of Appeals acted correctly in reaching its decision. A secondary question is whether the action of the Court of Appeals was proper insofar as it considered the case without a full trial transcript despite such a request from attorneys for the mother.

Following a day-long trial, the circuit judge determined that it would be in the best interests of the 6–year-old child to remain with her mother with whom she had resided since birth. The Court of Appeals determined that based on the depositions of two psychologists, which were read into the record at trial, that the trial judge had abused his discretion in not awarding custody to the father.

The parties were married for six months in late 1976 and early 1977. Shortly after their divorce they resumed cohabitation. The child was born in 1978, several months before the couple separated again. The child stayed with the mother who in 1982 married Steven Bailey. The Bailey household also included the mother's two teenage daughters from her first marriage and the Baileys' 2–year-old son. In 1982, the

father took up residence with Margaret Bell and they have a 2–year-old daughter who is joined in their household by Margaret's teenage son from a prior marriage.

In 1984, the father filed a petition for custody of the child. The mother answered and counterclaimed for child support arrearages. Pursuant to court order the child and all four prospective parents were evaluated by clinical psychologist Dr. Richard K. Johnson. The father and the child were also examined by Dr. Steven J. Simon, who also saw but did not examine Margaret.

The trial judge determined that placing the child with the mother would provide the greatest potential of keeping the child with the same parent for the remainder of her minority, approximately 12 years. The trial judge noted the father's "sporadic" interest in the child and awarded a judgment of $1,303.85 in support arrearages.

The Special Appeals Panel of the Court of Appeals held that given what it called the uncontroverted psychological testimony of the two psychologists regarding the child's best interests that they were compelled by KRS 403.270 to hold that custody be awarded to the father with liberal visitation to the mother. The panel suggested the authority of *Stafford v. Stafford,* Ky. App. 618 S.W.2d 578 (1981). This appeal followed.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

The Court of Appeals panel determined that the mother was a functional illiterate and could not properly rear the child because of that reason while the father was of suitable mental capacity.

When the case was considered in the Court of Appeals it was assigned by order pursuant to CR 76.14(14) to a Special Appeals Panel which suspended the running of time for any additional counter designation of the records of the trial court. Counsel for the father had provided a partial designation of certain portions of the record favorable to his position. At an informational hearing, the Special Appeals Panel of the Court of Appeals refused the oral request by counsel for the mother to allow a full transcript.

■ Civil Rule 52.01 provides in part that findings of fact shall not be set aside unless clearly erroneous with due regard given to the opportunity of the trial judge to view the credibility of the witnesses. The rule also provides that in all actions tried upon facts without a jury, the court shall find the facts specifically and state separately its conclusions of law. One of the principal reasons for the rule is to have the record show the basis of the trial judge's decision so that a reviewing court may readily understand the trial court's view of the controversy. *See Fleming v. Rife,* Ky., 328 S.W.2d 151 (1959); *Robinson v. Robinson,* Ky. 548 S.W.2d 155 (1977). These rules clearly apply to child custody cases and the findings of fact are particularly important in such situations.

■ CR 43.04 provides that certain types of cases may be tried by deposition. Obviously under such circumstances the trial judge does not have an opportunity to judge the credibility of the witnesses on the basis of physical appearance in court. The "clearly erroneous" standard is sufficiently broad to permit the reviewing court to adopt a method of review which best fits the questions involved and the particular facts in a specific case. The appellate court should review each case according to what is most appropriate under the specific circumstances. The fact that part of the proceedings before the trial court are taken by means of deposition does not permit the reviewing court to conduct a *de novo* consideration of the facts and it does not allow the reviewing court to substitute its judgment for that of the original finder of fact.

■ The reviewing court should not substitute findings of fact for those of the trial court where they were not clearly erroneous. *Bennett v. Horton,* Ky., 592 S.W.2d 460 (1979).

■ Even where a trial judge has essentially tried the case on depositions, the

Court of Appeals should not make a *de novo* determination of the facts. *Department for Human Resources v. Moore,* Ky. App. 552 S.W.2d 672 (1977).

*Penn v. Penn,* Ky., 267 S.W.2d 80 (1954) requires that the reviewing court must presume that the evidence in the transcript supports the trial court's decision in view of the fact that it did not have a full trial transcript before it. Consequently, the Court of Appeals committed reversible error in overturning the decision of the trial court.

▪ The Court of Appeals Special Appeals Panel should not have undertaken a review of the trial court's factual findings on custody in the absence of a full transcript. When a factual controversy arises, there must either be a stipulation as to the facts or a full transcript must be available. The need for a transcript cannot be ignored simply to expedite a case as a special appeal. Certainly the special appeals process serves a worthwhile purpose in custody cases. However, it cannot be used to deny fundamental due process to a party.

Here the Court of Appeals reversed the trial judge solely on the basis of the depositions and psychological reports without mentioning the other factors that are always involved in a custody dispute. KRS 403.270 provides that the court must consider numerous factors, not just psychological evaluations.

KRS 403.270(1)(c) requires that the court consider the interaction and interrelationships of the child with his parents or parent, his siblings, and any other person who may significantly affect the child's best interests. The psychologist had no first-hand knowledge about this factor. The Court of Appeals based its entire opinion and decision on a review of the psychological reports. This in effect turned the psychologists into judges who had not heard any testimony. On the day of the trial, the trial judge had before it two psychological evaluations recommending that the father be awarded custody. After hearing the testimony for an entire trial day the trial judge decided that the child was better off with the mother. The trial court heard testimony and observed the parties. We believe he reached his decision because these factors outweighed the psychological evaluations.

▪ Custody decisions should be based on all the statutory factors and not just on psychological evaluations. It is an improper delegation of the statutory duty of the court to rely solely on the recommendations of psychologists.

▪ Based on any standard, the introduction of a partial transcript was improper. A sufficient standard for review relating to a reversal was not present when the Court of Appeals reached its decision.

The burden was on the father to present evidence to reverse the trial court's decision. It should be noted that *Stafford, supra,* a case which rejected the clearly erroneous rules in trials by deposition, was overruled by this Court in *Largent v. Largent,* Ky., 643 S.W.2d 261 (1982).

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.