**Lisa Diane MASSEY, Appellant,**

v.

**Michael John MASSEY, Appellee.**

**No. 2004–CA–002197–MR.**

Court of Appeals of Kentucky.

Sept. 1, 2006.

Rehearing Denied Nov. 1, 2006.

Discretionary Review Denied by Supreme Court May 16, 2007.

---

**39.** 161 Misc.2d 563, 614 N.Y.S.2d 661 (N.Y.Sup.Ct.1994).

**40.** *Id.* at 571, 614 N.Y.S.2d 661.

**41.** *Id.* at 573, 614 N.Y.S.2d 661.

John K. Carter, LaGrange, KY, for Appellant.

Katie Marie Brophy, Louisville, KY, for Appellee.

Before: JOHNSON and TAYLOR, Judges; HUDDLESTON,[1] Senior Judge.

TAYLOR, Judge.

Lisa Diane Massey appeals from the Findings of Fact and Conclusions of Law as incorporated into the Decree of Dissolution of Marriage entered in the Jefferson Family Court on September 3, 2004, awarding her maintenance for a period of five years. We affirm in part, reverse in part, and remand.

Lisa and Michael John Massey were married August 21, 1982. The couple was divorced by decree of dissolution entered in the Jefferson Family Court on September 3, 2004. Lisa was 41–years–old at the time of the divorce. One child was born of the parties' marriage on June 17, 1990. Pursuant to the Findings of Fact and Conclusions of Law also entered September 3, 2004, the court awarded sole custody of the parties' child to Michael. Lisa was granted visitation and was ordered to pay child support in the amount of $175.00 per month. Lisa was also awarded maintenance of $1,200.00 per month subject to offset by her monthly child support obli-

gation. Lisa filed a motion to "Amend, Alter or Vacate" the court's judgment which was denied by order entered September 24, 2004. This appeal follows.

Lisa contends the family court's award of maintenance was improper. In its Findings of Fact and Conclusions of Law, the family court awarded maintenance as follows:

[I]n the amount of $1,200.00 per month. This amount shall be offset by [Lisa's] child support obligation of $175.00 per month, for a total maintenance payment of $1,025.00 per month for the next two (2) years; then the sum of $750 per month for two (2) years, and finally the sum of $500.00 per month for one (1) year. This maintenance award shall cease upon the death of either party or upon [Lisa's] remarriage or cohabitation. Additionally, this amount shall be reviewable should [Lisa] receive any awards from her personal injury cases. [Lisa's] child support obligation shall be recalculated when her maintenance is reduced.

Lisa specifically contends the family court abused its discretion by ordering the "lump sum" maintenance award to be modified only if Lisa's financial situation improves. Lisa believes the award should additionally be subject to modification if her financial situation did not improve or worsened. By failing to make such a provision, Lisa alleges the maintenance award is "inequitable."

A lump sum maintenance award is an award for a "fixed and determinable amount." 16 Graham & Keller, Kentucky Practice, § 16.21 (2d ed.1997). A maintenance award payable in installments may still be characterized as a lump sum

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

award. *Id.* However, a maintenance award that is subject to modification is not a lump sum award. *Id.* Thus, Lisa's characterization of the award as a lump sum maintenance award is erroneous. Rather, we view the award as an open-ended maintenance award.

Modification of an open-ended maintenance award is governed by Kentucky Revised Statutes (KRS) 403.250(1), which states:

Except as otherwise provided in subsection (6) of KRS 403.180, the provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

We read KRS 403.250(1) to provide that an open-ended maintenance award may be modified either upon a continuing and substantial change in circumstances making the terms unconscionable or under the provisions of KRS 403.180(6). KRS 403.180(6) provides that a decree may "expressly preclude or limit modification of terms if the separation agreement so provides." Thus, pursuant to a separation agreement, the parties may define the terms by which an open-ended maintenance award may be modified.

■ To summarize, an open-ended maintenance award may be modified by only two methods: (1) agreement of the parties pursuant to a separation agreement, or (2) changed circumstances so substantial and continuing as to make the terms of the award unconscionable. Consequently, the family court's order subjecting the award to modification only if Lisa's financial situation improved is clearly con-

trary to the mandates of KRS 403.250(1). The family court simply cannot impose modification terms upon an open-ended maintenance award not authorized by KRS 403.250(1). As KRS 403.250(1) sets forth two specific methods by which an open-ended maintenance award may be modified, we conclude the family court erred by subjecting Lisa's maintenance award to modification only upon improvement of Lisa's financial situation. Upon remand, we direct the family court to enter an award of maintenance consistent with our opinion.

■ Lisa also contends the family court erred as to the amount and duration of the maintenance award. Lisa asserts that the award of maintenance should have been permanent and that the amount awarded was inadequate.

■ It is axiomatic that the amount and duration of a maintenance award is within the sound discretion of the circuit court. *Gentry v. Gentry,* 798 S.W.2d 928 (Ky.1990). An award of maintenance will not be disturbed on appeal absent an abuse of discretion. *Perrine v. Christine,* 833 S.W.2d 825 (Ky.1992).

When determining the amount and duration of a maintenance award, KRS 403.200(2) requires the court to consider "all relevant factors," including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

In the case *sub judice,* a review of the record reveals the court considered the relevant statutory factors outlined in KRS 403.200 concerning the amount of maintenance awarded. Specifically, Lisa was awarded one-half of the value of the marital residence, equaling approximately $55,000.00 in equity, and two vehicles. The record also indicates Lisa withdrew some $10,490.00 from the parties' joint savings account, and received $1,855.00 in a 2003 tax refund. Lisa was also awarded one-half of Michael's Deferred Benefit Plan, and will receive a future benefit. Michael's gross income for 2003 was $65,691.76. Michael was also awarded sole custody of the parties' minor child. Considering the marital property awarded to Lisa, the modest standard of living established during the marriage, and Michael's ability to pay maintenance, we simply cannot say the family court abused its discretion as to the amount of maintenance awarded.

■ We do not believe, however, the family court made sufficient findings to support the duration of the maintenance award for a term of five years. As noted in the court's findings, Lisa alleged she is permanently and totally disabled and otherwise unable to work to support herself. The family court noted in its findings that Lisa has not been employed since an automobile accident in October 2000. Apparently, the court heard evidence regarding Lisa's disability and her ability to obtain future employment. Notwithstanding, the family court made no findings on this issue. We believe the duration of any maintenance award in this case must look to whether Lisa is permanently disabled and whether she can be gainfully employed in the future. The fact that she may have a pending lawsuit pertaining to the injuries sustained in the automobile accident is not sufficient for the family court to make a determination as to the duration of maintenance. In this regard, the family court's findings do not comport with KRS 403.200(2) and, thus, the court abused its discretion in awarding maintenance for a term of five years absent specific findings on the issues of Lisa's disability and future employability.

For the foregoing reasons, the Findings of Fact and Conclusions of Law as incorporated in the Decree of Dissolution of Marriage of the Jefferson Family Court is affirmed in part, reversed in part, and this cause remanded for a new award of maintenance consistent with this opinion.

ALL CONCUR.