**Debora CASTLE, Appellant,**

v.

**Jimmy CASTLE, Appellee.**

**No. 2007–CA–001238–MR.**

Court of Appeals of Kentucky.

Sept. 12, 2008.

"the Report") was confirmed by the lower court. On January 4, 2007, the court entered an order increasing the monthly amount of maintenance to $750.00 per month and confirming all other elements of the Report. The court simultaneously established a condition that payment of maintenance would terminate if Debora "cohabitates with an individual other than a relative."

On March 20, 2006, Jimmy filed a motion to terminate maintenance, alleging that Debora was living with her boyfriend, Charles Peffer. After conducting an evidentiary hearing, the court entered an order terminating Debora's maintenance. Debora filed a motion to alter, amend, or vacate, which was denied. This appeal followed.

As an appellate court, this Court is not authorized to substitute its own judgment for that of the trial court on the weight of the evidence, where the trial court's decision is supported by substantial evidence. *Reichle v. Reichle,* 719 S.W.2d 442 (Ky.1986). The question, therefore, is whether the trial court's decision is supported by substantial evidence, meaning:

'[e]vidence that a reasonable mind would accept as adequate to support a conclusion' and evidence that, when 'taken alone or in the light of all the evidence, ... has sufficient probative value to induce conviction in the minds of reasonable men.'

*See Moore v. Asente,* 110 S.W.3d 336, 354 (Ky.2003). After reaching this conclusion, we then review the trial court's application of the law to those facts *de novo.*

The maintenance award by the Greenup Circuit Court is an open-ended

R. Stephen McGinnis, Greenup, KY, for appellant.

Dwight O. Bailey, Flatwoods, KY, for appellee.

Before LAMBERT and TAYLOR, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Debora Castle appeals an order of the Greenup Circuit Court terminating her maintenance due to cohabitation with a non-relative. After careful review, we affirm.

Debora filed for divorce from Jimmy Lee Castle on June 15, 2005, after having been married for more than twenty-five years. No separation agreement was established, but a Domestic Relations Commissioner's Report (hereinafter

1. Senior Judge David C. Buckingham, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

maintenance award, as opposed to lump sum maintenance, that was subject to modification by the court under KRS 403.250(1). A lump sum maintenance award is an award for a "fixed and determinable amount." 16 Louise E. Graham & James E. Keller, *Kentucky Practice—Domestic Relations Law*, § 16.21 (2d ed.1997). A maintenance award payable in installments may still be characterized as a lump sum award. *Id.* However, a maintenance award that is subject to modification, as in the instant case, is not a lump sum award. *Id.*

■ Modification of an open-ended maintenance award is governed by KRS 403.250(1), which states:

[e]xcept as otherwise provided in subsection (6) of KRS 403.180, the provisions of any decree respecting maintenance may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.

KRS 403.250(1) also provides that an open-ended maintenance award may be modified either upon a continuing and substantial change in circumstances making the terms unconscionable or under the provisions of KRS 403.180(6). KRS 403.180(6) provides that a decree may "expressly preclude or limit modification of terms if the separation agreement so provides." Thus, pursuant to a separation agreement, the parties may define the terms by which an open-ended maintenance award may be modified.

■ Therefore, an open-ended maintenance award may be modified by only two methods: (1) agreement of the parties pursuant to a separation agreement, or (2) changed circumstances so substantial and continuing as to make the terms of the award unconscionable. In this case there is no agreement as maintenance was awarded pursuant to recommendation of the Domestic Relations Commissioner. Thus, the only issue on appeal is whether the circuit court could modify the maintenance award under KRS 403.250(1).

On February 26, 2007, the circuit court entered an order modifying the temporary maintenance award based upon exceptions to the Domestic Relations Commissioner's report. In modifying the amount recommended by the Commissioner, the court placed the no cohabitation restriction on Debora. Notwithstanding, the maintenance award of February 26, 2007, clearly contemplated future modification consistent with KRS 403.250(1).

■ At first blush, the cohabitation restriction in the maintenance award of February 26, 2007, appears to be in contravention of KRS 403.250(1) on its face. *See Massey v. Massey*, 220 S.W.3d 700 (Ky. App.2006). However, when this issue was brought before the circuit court on May 8, 2007, based upon a motion to modify maintenance, the circuit court considered the cohabitation issue under the unconscionability provisions of KRS 403.250(1). The circuit court made a specific evidentiary finding that Debora's cohabitation relationship was inequitable and specifically found the existence of changed circumstances sufficient to make the payment of maintenance unconscionable. *See Combs v. Combs*, 787 S.W.2d 260 (Ky.1990). While the cohabitation restriction itself may have been unenforceable absent an agreement between the parties, the circuit court still made sufficient findings to warrant the termination of maintenance under KRS 403.250.

 Debora additionally argues that the trial court erred in failing to award her attorneys fees in light of the income disparity between the parties. Debora ignores that KRS 403.220 clearly leaves it to the discretion of the trial court rather than mandating that attorney fees be awarded in light of the financial resources of the parties. Therefore, we do not find that the trial court abused its discretion in choosing not to award said fees.

Accordingly, we affirm the order of the Greenup Circuit Court.

ALL CONCUR.