RENDERED:  MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-1447-MR

LAKILIA BEDEAU                                                        APPELLANT

v.
APPEAL FROM MCCRACKEN CIRCUIT COURT
HONORABLE DEANNA WISE HENSCHEL, JUDGE
ACTION NO. 20-CI-00336

CHIWALE BEDEAU                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE,
JUDGES.

CALDWELL, JUDGE:  Appellant Lakilia Bedeau ("Mother") appeals from the
trial court's order modifying timesharing and child support concerning the minor
children Mother shares with her former spouse, Appellee Chiwale Bedeau
("Father").  We affirm.

## FACTS

The litigants are the parents of two young boys. In 2020, Mother filed a petition for dissolution of her marriage to Father. The parties entered into a marital settlement agreement and, as part of that agreement, agreed to share joint custody of the children with equal parenting time. The agreement provided that the parties agreed to petition the family court for a hearing concerning custody of the children should either of them decide to relocate from the Paducah area. The McCracken Family Court entered a final decree of dissolution at the end of July of 2020, incorporating the settlement agreement.

In April of 2021, Mother, *pro se*, filed a request[1] for a hearing on custody and child support as she was relocating to Louisiana for employment and wanted the children to live with her, except for the summer months when they would stay with their father. Father opposed the request and filed, through counsel, a motion to modify timesharing of parenting time with the children, requesting that he be named the primary custodian of the children. Mother, now represented by counsel, filed a motion to modify timesharing by requesting she be named custodian and be granted child support.

---

[1] The filing could not properly be considered a motion as it did not conform to Kentucky Rules of Civil Procedure ("CR") 5.03, CR 7.02(2), or CR 10.01, but the family court scheduled a hearing in response to the filing.

A hearing was held before the family court in August of 2021. Both parties provided testimony. The court issued an order naming Father the primary custodian and granting Mother custody of the children for the entirety of every summer, except for fourteen (14) days during which Father would have the right of visitation with the children. Mother could also, at her discretion, exercise additional parenting time on weekends if she made arrangements to exercise the time at her parents' home in Missouri, which is much closer than LaFayette, Louisiana, where Mother had relocated. Father did not seek child support and no child support was ordered.

Mother requested a new trial and alleged that Father had misrepresented facts to the court during the hearing. She also complained that Father failed to call as a witness someone he had listed as a potential witness. This witness was the babysitter who would be caring for the children when Father was unavailable. Father answered the motion and pointed out that Mother had listed the babysitter as a witness as well and had every opportunity to present her testimony at the hearing but failed to do so.

The family court denied the motion for a new trial. Mother hereby appeals the order granting custody of the children to Father. We affirm.

## STANDARD OF REVIEW

The appellate standard of review of child custody determinations is limited to a review for clear error. "Appellate review of a trial court's decision on custody related issues is limited to a clearly erroneous standard." *Meekin v. Hurst*, 352 S.W.3d 924, 926 (Ky. App. 2011) (citing CR 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986)).

## ANALYSIS

At the outset we must address the deficiencies of the brief filed in this Court by Mother. The document filed does not comport in many ways with the Kentucky Rules of Appellate Procedure ("RAP").

First and perhaps most importantly, Mother failed to attach as the first document in the appendix the order being appealed. In a case where the brief is largely unpersuasive and presents no cogent identification of error, to leave out the order Mother seeks to have reviewed compounds the difficulty presented to this Court by the noncompliance. RAP 32(E)(1)(a).[2]

---

[2]     (a) Documents required in appendix to appellant's and cross-appellant's initial brief. An appellant and a cross-appellant must attach an appendix to the party's initial brief. The first item of the appendix shall be a listing or index of all documents included in the appendix. *The Appellant shall place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court.*

(Emphasis added.) Formerly CR 76.12(4)(c)(vii).

-4-

Additionally, the "Statement of the Case" is simply a list of sentences, albeit with citations to the record,[3] which are argumentative. Such does not comply with the requirements of RAP 32(A)(3).[4] The statement of points and authorities is deficient in that it does not provide page numbers for the citations listed.[5]

The "Argument" section does not provide a preservation statement.[6] Further, it summarily demands "full consideration" as the "primary caregiver" of the children and promises that evidence would be presented at a new trial which would prove that Mother's relocation is meant to provide the children with a better

---

[3] The citations are incomplete in that they do not discern in which appearance before the family court they occurred.

[4]  (3) A statement of the case consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary. Formerly CR 76.12(4)(c)(iv).

[5]  (2) A statement of points and authorities, which shall set forth, succinctly and in the order in which they are discussed in the body of the argument, the appellant's contentions with respect to each issue of law relied upon for a reversal, listing under each the authorities cited on that point and the respective pages of the brief on which the argument appears and on which the authorities are cited.

RAP 32(A)(2), formerly CR 76.12(4)(c)(iii).

[6]  (4) An argument conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

RAP 32(A)(4), formerly 76.12(4)(c)(v).

life.  Such is simply insufficient to compel a reversal of the trial court's order.  Simply because a litigant believes they could present a more persuasive case in a second attempt at the presentation of evidence does not equate to clear error on the part of the trial court.

Lastly, Mother has included in the appendix in her brief materials not found in the record on appeal.  RAP 32(E)(1)(c).[7]  Accordingly, we disregard these attachments.

Despite the numerous failures to comply with the Rules of Appellate Procedure, we will proceed to a review of the merits.  Having reviewed the order of the court granting residential placement of the children with Father we find no clear error.  It was Mother's choice to move away from the Paducah area following a separation agreement in which she agreed to have the family court determine how to proceed should one of the parties relocate from the area.  Simply because the family court did not rule in her favor is not sufficient reason to reverse the order.

Further, Mother's complaint that Father did not call the potential babysitter as a witness is not an error of the family court, but a failure on the part

---

[7]     (c) Items not included in the record.  Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs.

Formerly CR 76.12(4)(c)(vii).

of Mother to prepare and present a persuasive case before the court.  Such cannot

in any way be considered clear error.

## CONCLUSION

We find that the family court committed no error.  The court made

proper findings of fact, supported by substantial evidence, and properly applied the

law to the facts to enter an order as to parenting time for each parent that was in the

best interest of the children.  We affirm the family court.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Lakilia Bedeau, *pro se*                         Bradly A. Miller
Lafayette, Louisiana                             Paducah, Kentucky