RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1140-MR

TRAVIS SHELTON AND CHELSEA
SHELTON                                                                    APPELLANTS


APPEAL FROM WAYNE CIRCUIT COURT
v.        HONORABLE JENNIFER UPCHURCH EDWARDS, JUDGE
ACTION NO. 18-CI-00309


RICHIE ATKINSON AND MALISSA
ATKINSON                                                                     APPELLEES



OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Travis and Chelsea Shelton (Parents) appeal from the Wayne

Family Court's order granting hourly monthly visits with their children to

Chelsea's parents, Richie and Malissa Atkinson (Grandparents). More precisely,

the court ordered visitation "the second Sunday of each month from 4pm-5pm

ET." For the following reasons, we affirm.

Before we address the present appeal, however, we must first address this Court's previous decision in this case. *Shelton v. Atkinson*, No. 2021-CA-0397-MR, 2022 WL 2280225, at *1 (Ky. App. Jun. 24, 2022) (reversing and remanding for further proceedings). Our predecessor panel provided the relevant facts and procedural history:

> Chelsea and Travis Shelton have two children, a boy born in 2012, and a girl born in 2016. Chelsea's parents, Malissa and Richie Atkinson, were involved grandparents and enjoyed spending time with their daughter and their grandchildren. However, after several years, and after the relationship between the Sheltons and Chelsea's parents deteriorated, the Sheltons decided it was not in their children's best interests to allow Chelsea's parents to continue to see the children. The Sheltons stopped interacting with Chelsea's parents and the children did not see their grandparents any longer. In November of 2018, the Atkinsons filed the underlying action seeking visitation with their grandchildren. Following unsuccessful mediation and subsequent COVID-19 delays, a hearing on the motion was finally held in August of 2020.
>
> The court took the matter under advisement and later issued an order granting the Atkinsons hourly monthly visitations with their grandchildren. The family court held that the Atkinsons had not ever placed the children in danger in any way. It was further found that the children could benefit from the love, support, and affection of two additional grandparents and extended maternal family members.
>
> The court found the primary reason offered by the Sheltons in ceasing contact with Chelsea's parents was their concern with the Atkinsons' interference with their roles as parents, and the Sheltons' belief that the

-2-

grandparents were overbearing and unwilling to step back and allow the Sheltons to parent as they saw fit. Both parents admitted in their testimony the possibility of resuming contact at some point, provided the Atkinsons would respect their boundaries as parents. However, both expressed doubts that the Atkinsons would ever do so. The court further found that, otherwise, the children's home and school environments with their parents are stable and appropriate.

The Sheltons filed a motion to alter, amend, or vacate and a second hearing was held. At the hearing, the Sheltons argued that the COVID-19 pandemic, the fact that their son had an autoimmune disorder, and that Richie Atkinson was a postal contractor who had contact with people throughout his day, all should have been considered by the court. The family court upheld the visitation order, amending the order only to require that visits occur out of doors when the weather permits such. It is from this order that the Sheltons appeal.

*Id.* As previously stated, the Court in *Shelton* reversed and remanded for further proceedings. *Id.* Upon remand, the family court entered a judgment awarding Grandparents visitation.

We review a court's findings of fact for clear error, and will only reverse if the findings are not supported by substantial evidence. CR[1] 52.01; *Reichle v. Reichle*, 719 S.W.2d 442 (Ky. 1986). We review questions of law *de novo*. *Keeney v. Keeney*, 223 S.W.3d 843 (Ky. App. 2007). In addition to these standards, *Shelton* referenced factors "for courts to consider in determining

---

[1] Kentucky Rules of Civil Procedure.

whether the petitioning grandparent or grandparents had overcome this very strong presumption in favor of the wishes of the parent or parents." *Shelton*, 2022 WL 2280225, at *3 (citing *Walker v. Blair*, 382 S.W.3d 862, 871 (Ky. 2012). To be clear, however, the ultimate inquiry is "whether visitation is clearly in the child's best interest." *Id*. The Court in *Shelton* further reasoned as follows:

> The order acknowledges that the Atkinsons are loving grandparents and recites that the children spent time with them prior to the falling out between the adults, but such is simply not sufficient to establish by clear and convincing evidence that the fundamental right of the parents to have involved in their children's lives only those persons they believe will best serve the interests of the children and the family should be overborne.
>
>  . . . .
>
> We find the family court failed to give due consideration to **the most relevant factor in this matter – the potential detriments and benefits to the children from granting visitation**. We do not imply that the Atkinsons are not loving grandparents, for they clearly are. However, it is not enough for a court to determine that grandparents love their grandchildren and share a healthy, nurturing relationship with those children to overcome the presumption that fit parents make decisions in children's best interests. We reverse the Wayne Family Court and remand this matter for the entry of an order consistent with this Opinion.

*Id*. at *5-7 (emphasis added). With *Shelton* as our guide, we now return to the present appeal.

The family court issued an eleven-page judgment addressing the concerns raised in *Shelton*, including – without limitation – the potential detriments and benefits to the children from granting visitation. We echo *Shelton*'s acknowledgement that "the relationship between the parents and grandparents is not without rancor." *Id*. at *6. However, it is clear that the judgment awarding visitation was supported by substantial evidence. Therefore, we AFFIRM.


ALL CONCUR.


| BRIEF FOR APPELLANTS: | BRIEF FOR APPELLEES: |
|---|---|
| Lee Whittenburg<br>Monticello, Kentucky | Frank V. Phillips<br>Monticello, Kentucky |