RENDERED: MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1140-ME

JOHNNY RAY WALLS-BEY        APPELLANT


      APPEAL FROM CHRISTIAN CIRCUIT COURT
v.    HONORABLE JASON S. FLEMING, JUDGE
      ACTION NO. 24-D-00172-001


CINDY THOMAS          APPELLEE

AND

NO. 2024-CA-1141-ME


JOHNNY RAY WALLS-BEY        APPELLANT


      APPEAL FROM CHRISTIAN CIRCUIT COURT
v.    HONORABLE JASON S. FLEMING, JUDGE
      ACTION NO. 24-D-00173-001


OLIVIA JEAN AUSTIN         APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE: ACREE, A. JONES, AND McNEILL, JUDGES.

JONES, A., JUDGE: Johnny Walls-Bey brings these appeals from the Christian Circuit Court's orders granting interpersonal protective orders to Cindy Thomas and Olivia Austin. No. Appeal 2024-CA-1140-ME concerns the order granted to Thomas. Appeal No. 2024-CA-1141-ME concerns Austin. Because these two appeals concern the same appellant and underlying fact pattern, we review them both together.[1] Following review of the record and all applicable law, we affirm as to both.

## I. BACKGROUND

Walls-Bey primarily resides in Arizona. He is the biological father of three children. Thomas is the children's maternal great-grandmother. Austin is the children's maternal aunt. It is unclear where or with whom the children reside, but Thomas stated they have lived in Hopkinsville, Kentucky, since April of 2022.

Thomas filed for a temporary interpersonal protective order on May 31, 2024. Thomas alleged that on May 12, 2024, Walls-Bey called and threatened to come to Hopkinsville, Kentucky, to collect the children, and would kill the

---

[1] *See* Kentucky Rules of Appellate Procedure (RAP) 2(F)(2). On our own motion, we have entered a separate order consolidating these appeals for our review.

children's mother, aunt, or Thomas if anyone interfered. Thomas stated she was seeking an order of protection on her behalf and on behalf of the children.

Meanwhile, Austin alleged that on May 12, 2024, Walls-Bey threatened her sister (presumably the children's mother). Austin alleged Walls-Bey asked her sister if Austin's life was worth keeping the children over and that he would kill anyone he needed to. She also alleged that he sent fake pictures insinuating that he had physically harmed himself, in an effort to keep the children's mother speaking to him.

The court entered a temporary emergency protective order which pertained only to Thomas and to Austin. Eventually, Walls-Bey was served in Kentucky. He filed a motion to continue the scheduled hearing for forty-five days, which the trial court granted. Additionally, he filed a "Notice of Special Appearance" wherein he challenged the court's jurisdiction to hear the case based, in part, on the Indian Child Welfare Act of 1978 (ICWA), 28 U.S.C.[2] § 1901 *et seq.*[3] The trial court interpreted the "Notice" as a motion to dismiss.

---

[2] United States Code.

[3] The ICWA applies to all state child custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved. *In re R.M.W.*, 188 S.W.3d 831, 832 (Tex. App. 2006).

On September 3, 2024, the evidentiary hearing commenced. Despite his request for a continuance in order to properly mount a defense, Walls-Bey did not appear. Thomas and Austin both testified. They re-affirmed the basis for their respective petitions.

The trial court entered an interpersonal protective order on behalf of Thomas on September 3, 2024. The order pertained only to Thomas, not to the children. Similarly, the trial court granted an interpersonal protective order to Austin. It also stated on its calendar order:

> Motion to dismiss overruled. Children are no longer parties to this action so court does not have to consider whether ICWA applies. In addition, court has personal jurisdiction over the respondent because he was served in Kentucky. Court finds by a preponderance of the evidence than an act or threat of domestic violence/interpersonal violence occurred and may occur again and that the facts in the petition were proven by a preponderance of the evidence and incorporated herein as if set forth herein in their entirety.

These appeals followed.

## II.  ANALYSIS

Walls-Bey's appellant briefs are not models of clarity.[4]  However, the general gist of his argument seems to be that he is a member of an Indian tribe and

---

[4] We also note several deficiencies with Walls-Bey's briefs. Pursuant to RAP 32(A)(3), appellate briefs must include "[a] statement of the case consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, ***with ample references to the specific location in the record supporting each of the statements contained in the summary***." (Emphasis added.)  Walls-Bey's briefs miss the mark.

that his children are under the jurisdiction of the ICWA.  When Thomas filed her

petition, she also stated she was filing on behalf of the children.  However, the

final interpersonal protection orders entered by the trial court do not cover the

children.  The ICWA issue is moot. *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky.

2014) (internal quotation marks and citation omitted) ("A moot case is one which

seeks to get a judgment . . . upon some matter which, when rendered, for any

reason, cannot have any practical legal effect upon a *then* existing controversy.").

Alternatively, Walls-Bey appears to challenge the sufficiency of the

evidence and the Christian Circuit Court's jurisdiction over him.  These arguments

also fail.  We will begin with the sufficiency of the evidence argument.  "Our

Court will not set aside the trial court's findings unless they are clearly erroneous.

Findings are not clearly erroneous if they are supported by substantial evidence or,

---

There are little to no specific citations to the record.  Additionally, he repeatedly references facts not in the record before us.  We have ignored Walls-Bey's statement of the case to the extent it includes facts not supported by the record.  Additionally, RAP 32(A)(4) requires an argument section "conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."  Walls-Bey again misses the mark.  He has not stated how he preserved his arguments for our review.  We must also acknowledge that neither Thomas nor Austin filed Appellee briefs.  *See* RAP 31(H)(3) (allowing us to "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case").  However, because the record in this case is brief, the issues are relatively straightforward, and the case involves important issues of interpersonal violence, we have chosen not to sanction the parties for their failures.

in other words, evidence that when taken alone or in light of all the evidence has sufficient probative value to support the trial court's conclusion." *Rupp v. Rupp*, 357 S.W.3d 207, 208 (Ky. App. 2011) (citing *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003)). Further, credibility of the witness is a matter left to the trial court. *Rupp*, 357 S.W.3d at 208 (Ky. App. 2011) (citing CR[5] 52.01 and *Reichle v. Reichle,* 719 S.W.2d 442, 444 (Ky. 1986)). The trial court found Thomas's and Austin's testimony credible. Walls-Bey did not appear or otherwise present any evidence in his own defense. Walls-Bey alleges in his brief that he has evidence to the contrary. Be that as it may, he failed to present the evidence to the trial court at the appropriate time.[6] Thomas's and Austin's testimony was sufficient to support entry of the protective orders.

Finally, the Christian Circuit Court also had personal jurisdiction over Walls-Bey. Walls-Bey was served within the state, and the conduct at issue in this case took place in Kentucky and was directed at Kentucky residents. KRS[7] 454.210. We are confident that the trial court established that jurisdiction over Walls-Bey was appropriate before entry of the orders at issue.

---

[5] Kentucky Rules of Civil Procedure.

[6] Additionally, any argument that the trial court improperly converted his "Notice of Special Appearance" into a Motion to Dismiss without consulting Walls-Bey is not well-taken. Walls-Bey was generously granted a forty-five-day continuance to prepare his case and chose not to attend the hearing. Had he done so, he could have argued against the conversion of the motion.

[7] Kentucky Revised Statutes.

### III. CONCLUSION

For the foregoing reasons, we affirm the orders of the Christian Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:          NO BRIEFS FOR APPELLEES.

Johnny Walls-Bey, *pro se*
Phoenix, Arizona