**Bart A. CAUDILL, Appellant,**

v.

**Kathryn L. CAUDILL, Appellee.**

**No. 2009–CA–002002–ME.**

Court of Appeals of Kentucky.

July 23, 2010.

---

John T. Chafin, Prestonsburg, KY, for appellant.

Max K. Thompson, Pikeville, KY, for appellee.

Before NICKELL and STUMBO, Judges; WHITE,[1] Senior Judge.

1. Senior Judge Edwin White sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

*OPINION*

NICKELL, Judge:

Bart A. Caudill appeals from a domestic violence order (DVO) entered by the Family Court Division of the Pike Circuit Court at the request of Kathryn L. Caudill. Bart alleges the evidence did not support entry of the DVO. After reviewing the record, the briefs and the law, we reverse and remand for entry of an order consistent with this opinion.

Bart and Kathryn were married but going through a dissolution proceeding in the Family Court Division of the Floyd Circuit Court. In August 2009, Kathryn filed a petition for a DVO in the Family Court Division of the Pike Circuit Court[2] alleging an ongoing situation in which Bart had ignored her repeated directives to stay away from her workplace and whose verbal abuse caused her to feel very threatened. She also alleged Bart had a permit allowing him to carry a concealed weapon but she was uncertain whether it was still in effect. Following a hearing, at which both Bart and Kathryn testified, the court issued a DVO requiring Bart to "stay 1000 feet away for 90 days, exception during visitation exchange at Shoneys (sic) and children's activities (school & sports)." The DVO expired on December 1, 2009.

Bart moved to alter, amend or vacate the DVO seeking specific findings on what the court believed constituted domestic violence and abuse. Following a hearing, the motion to alter, amend or vacate was denied, but the court clarified that domestic violence occurred when Bart pushed his way through a door. This appeal followed.

■ Because the DVO expired on December 1, 2009, well before the appellate record was transmitted to this Court in February of 2010, we ordered the filing of supplemental briefs on the limited issue of whether the appeal was moot. Bart argued an appeal testing the sufficiency of the evidence on which a DVO has been granted is never moot because entry of a DVO follows the alleged perpetrator forever in terms of background checks for employment purposes and volunteer work such as coaching Little League sports. Kathryn argued the appeal is obviously moot because the terms of the DVO expired without being extended and those particular terms will have no future impact. The continuing consequences of the DVO persuade us this appeal is not moot and resolution is required.

■ On appeal, Bart argues that neither domestic violence and abuse, nor the future likelihood of domestic violence and abuse was established. Prior to entry of a DVO, the court must find "from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur...." KRS 403.750(1). The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence. *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky.App.2007). The definition of domestic violence and abuse, as expressed in KRS 403.720(1), includes "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members...." The standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous. CR[3] 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky.1986). Findings are not clearly erroneous if they

---

**2.** Kathryn is a resident of Pike County.

**3.** Kentucky Rules of Civil Procedure.

are supported by substantial evidence. *Moore v. Asente,* 110 S.W.3d 336, 354 (Ky. 2003). "[I]n reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Cherry v. Cherry,* 634 S.W.2d 423, 425 (Ky.1982) (citation omitted). Abuse of discretion occurs when a court's decision is unreasonable, unfair, arbitrary or capricious. *Kuprion v. Fitzgerald,* 888 S.W.2d 679, 684 (Ky.1994) (citations omitted).

■ While "domestic violence statutes should be construed liberally in favor of protecting victims from domestic violence and preventing future acts of domestic violence[,]" *Barnett v. Wiley,* 103 S.W.3d 17, 19 (Ky.2003), "the construction cannot be unreasonable." *Id.* (citing *Beckham v. Board of Education of Jefferson County,* 873 S.W.2d 575, 577 (Ky.1994)). Furthermore, we give much deference to a decision by the family court, but we cannot countenance actions that are arbitrary, capricious or unreasonable. *See Kuprion,* 888 S.W.2d at 684.

■ With the foregoing authority in mind, we have reviewed the DVO hearing numerous times. The audio quality is poor but we have heard no testimony of "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members" which is required by KRS 403.720(1) for a finding of domestic violence and abuse. The trial court candidly acknowledged this was not a "run of the mill" DVO case and characterized it as "marginal" at best. The court explained it was granting the DVO, but limiting it to just ninety days, because the parties needed a "cooling off period."

Shortly after the DVO hearing, Bart asked the court to make specific findings identifying the conduct that constituted domestic violence. The court convened a second hearing, but before making findings of fact, the court asked again [4] whether the parties were agreeable to entry of mutual restraining orders. Kathryn was not agreeable. Thereafter, the court reviewed the evidence and stated that Bart's visits to Kathryn's workplace may have been irritating, but they did not constitute domestic violence and they were not the basis for granting the DVO. The court went on to say there was no evidence of Bart's threatening Kathryn at work and no proof Bart had acted inappropriately at the children's school. The court then made clear that it had granted the DVO based on one occasion when Bart "basically pushed [Kathryn] out of the way to enter the home."

In reviewing the evidence and the statutory definition of domestic violence and abuse, we cannot say there was substantial evidence of physical injury, serious or otherwise, sexual abuse, assault or the infliction of fear of any of the foregoing. At most, there was an unwanted touching, but that alone does not satisfy the definition of domestic violence and abuse as stated in KRS 403.720(1). Because the entry of the DVO was not supported by substantial evidence it cannot stand.

For the foregoing reasons, the DVO entered by the Pike Circuit Court is reversed and remanded with direction that all traces of the erroneously entered DVO be removed from the court record.

ALL CONCUR.

---

4. A similar inquiry was made prior to the DVO hearing.