RENDERED:  JUNE 25, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1585-ME

JOSEPH GREER										APPELLANT


										APPEAL FROM HARDIN CIRCUIT COURT
v.								HONORABLE PAMELA K. ADDINGTON, JUDGE
										ACTION NO. 20-D-00569-001


ASHLEY M. CLARK										APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

CLAYTON, CHIEF JUDGE:  Joseph Greer appeals from the domestic violence

order ("DVO") entered against him on December 7, 2020 by the Hardin Circuit

Court at the request of Ashley Clark.  Greer argues that insufficient evidence

existed in the record to support a finding that domestic violence occurred and may

occur again.  Because we hold that sufficient evidence existed in the record to support a finding of domestic violence, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Clark and Greer have never been married but share two sons.  This case stems from an argument between the two parties soon after Clark arrived at Greer's home to pick up their shared children following a scheduled visitation on November 9, 2020.  Both parties admit to aiming vulgar language toward the other during a verbal argument, but much of their testimony about what transpired that night is conflicting.

Clark testified that Greer pushed her once inside his home by putting his chest against her, then pushed her again after telling her to get out of his house.  Once outside with her sons, Clark testified that Greer slammed open the door of their shared car, took out a knife, and "tried to slash the tires."  Clark testified that she attempted to get Greer away from the tires, and he "pushed her so hard that it felt like a punch to her chest."  Clark alleged that her sons got out of the car to help her while Greer was attempting to take the caps off of the car's tire stems to deflate the tires.  According to Clark's testimony, the three of them got back into the car, Clark locked the doors, put the car in reverse, and fled the scene while Greer was pounding on the driver's side window.  Clark testified that she feared for her safety.

Conversely, Greer testified that there was never any physical contact between the two parties during their argument and that he did not attempt to damage their shared car.

A non-party witness, Tina Caddell, who was not present for the altercation, testified that soon after the argument Clark told her what had happened and recalled Clark saying Greer "bumped" then pushed her. Caddell also testified she remembered Clark saying Greer attempted to do something with the tire stems of their car.

All parties agree that Clark never called the police, took pictures of any injuries, nor sought medical treatment at a hospital as a result of any injuries.

Following the parties' November 9, 2020 altercation, Clark petitioned for an Emergency Protective Order ("EPO") against Greer the same night. The Hardin Circuit Court granted the EPO within hours. The trial court entered the DVO at issue in this appeal on December 7, 2020, and this appeal followed.

## ANALYSIS

On appeal, Greer argues that domestic violence did not occur during his confrontation with Clark, nor will domestic violence between the two parties occur in the future. Before entering a DVO, a circuit court must find "by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" Kentucky Revised Statutes (KRS) 403.740(1). Therefore,

pursuant to the statutory language, a trial court must make two separate findings – that domestic violence and abuse has occurred as well as the likelihood of future domestic violence. *Guenther v. Guenther*, 379 S.W.3d 796, 802 (Ky. App. 2012).

The first standard is met when sufficient evidence establishes the alleged victim "was more likely than not to have been a victim of domestic violence." *Hall v. Smith*, 599 S.W.3d 451, 454 (Ky. App. 2020) (citation omitted). "Domestic violence and abuse" are defined in KRS 403.720(1) to mean: "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]"

Regarding evidence that domestic violence may again occur as required by KRS 403.740(1), the Kentucky Supreme Court has observed that "[t]he predictive nature of the standard requires the family court to consider the totality of the circumstances and weigh the risk of future violence against issuing a protective order." *Pettingill v. Pettingill*, 480 S.W.3d 920, 925 (Ky. 2015). In *Boone v. Boone*, 501 S.W.3d 434, 440 (Ky. App. 2016), this Court explained:

> Kentucky courts have liberally construed our statutory scheme in order to afford relief. KRS 403.715(1) mandates that the domestic violence statutes be interpreted to "[a]llow victims to obtain effective, short-term protection against further wrongful conduct in order

-4-

that their lives may be as secure and as uninterrupted as possible[.]"

In evaluating the circuit court's factual determinations, our standard of review is whether the court's findings were "clearly erroneous." *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010) (citing CR 52.01 and *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986)). Findings of fact "are not clearly erroneous if they are supported by substantial evidence." *Id*. at 114-15 (citing *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003)). "[I]n reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial [court] were clearly erroneous or that [the court] abused [its] discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted). The circuit court abuses its discretion if its decision is "unreasonable, unfair, arbitrary or capricious." *Kuprion v. Fitzgerald*, 888 S.W.2d 679, 684 (Ky. 1994) (citations omitted).

Greer asserts that insufficient evidence existed in the record to support the circuit court's finding that domestic violence occurred during the couple's altercation. While we acknowledge the circuit court relied almost exclusively on Clark's uncorroborated testimony to make its decision, we are not persuaded that the court was not entitled to do so. Much deference is to be given to the decision of the circuit court, and "[a] family court operating as finder of fact has extremely broad discretion with respect to testimony presented, and may choose to believe or

disbelieve any part of it." *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007). Indeed, "[d]eciding which witness to believe is within the sound discretion of the family court as fact-finder; we will not second-guess the family court, which had the opportunity to observe the parties and assess their credibility." *Hunter v. Mena*, 302 S.W.3d 93, 98 (Ky. App. 2010) (citing CR 52.01).

Greer argues that the lack of evidence corroborating Clark's testimony makes this case analogous to *Caudill*, in which this Court held a husband's single "push" of his wife was alone not enough to establish an act of domestic violence, and that mere "unwanted touching" did not satisfy the definition of domestic violence. *Caudill*, 318 S.W.3d at 115. This case is factually distinguishable, in that Clark's testimony does not allege that Greer merely pushed her aside to get through the door of his home. Clark testified Greer pushed her twice while inside of his home, and once more outside "so hard that it felt like a punch to her chest." Clark also testified that Greer repeatedly pounded on the windows of their shared car while she attempted to flee the scene of the altercation. Taking Clark's testimony as true, repeated blows to the driver's side window inches from her face, following a series of already-realized shoves, was enough to instill fear of imminent physical injury on the part of Clark should she not be fortunate enough to flee the scene.

Further, the trial court's conclusion that domestic violence may again occur was not clearly erroneous. Clark further testified that Greer had been "physical" with her in previous years, and the record reflects that the Bullitt Circuit Court granted a prior DVO against Greer in 2014 at the request of Clark which was in effect for over two years. It is abundantly clear that the November 9, 2020 altercation was not the parties' first experience with domestic violence. Thus, based on the totality of the evidence, considering the history of domestic violence between the parties, the fact that the parties had children together, and the ongoing nature of the conflict between them, the trial court's conclusion that domestic violence and abuse may occur again was not clearly erroneous.

The circuit court was within its power to believe Clark's testimony over Greer's. Our test is not whether we would have come to the same conclusion, but whether the circuit court's decision was clearly erroneous. The circuit court appraised Clark's testimony and found she met her burden of proof warranting the entrance of a DVO.

## CONCLUSION

We find no abuse of discretion by the circuit court, and, therefore, affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey D. Buckles
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

George R. Carter
Louisville, Kentucky

Jeremy Aldridge
Elizabethtown, Kentucky