RENDERED: JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0756-ME

KENNETH DOUGLAS OVERSTREET                  APPELLANT

                  APPEAL FROM SIMPSON CIRCUIT COURT
v.              HONORABLE G. SIDNOR BRODERSON, JUDGE
                  ACTION NO. 19-D-00048-003

TREVA OVERSTREET                               APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Kenneth Douglas Overstreet ("Kenneth") appeals from the domestic violence order ("DVO") entered by the Simpson Circuit Court, Family Division on behalf of his mother, Treva Overstreet ("Treva").

On February 5, 2021, Treva petitioned the family court for a DVO against Kenneth. Based on her petition, the court issued an emergency protective order ("EPO") on her behalf and scheduled a hearing on the matter.

At the hearing on March 3, 2021, both parties testified. First, Treva testified that she filed the petition because Kenneth had repeatedly driven past her house, revved the engine of his vehicle, and, if she was outside, called her names as he was driving. She also testified to an incident which occurred at least one year prior to the hearing, wherein Kenneth brought a firearm to her home and laid it on her coffee table. She was frightened by the incident but also testified that Kenneth had never threatened to harm her.

Treva further testified to a text message she received from Kenneth stating he wished she had died instead of his father.[1] She also vaguely spoke about Kenneth's "anger issues." Finally, when the court questioned Treva about whether Kenneth had ever been physically violent toward her, she testified that he had hit her in the past. However, these incidents occurred when Kenneth was a juvenile, at least twelve years prior to the hearing.

Kenneth then testified, largely denying Treva's allegations. He admitted to occasionally driving past her home out of necessity but denied having ever yelled at her from his vehicle. He claimed not to have spoken to Treva in more than two years. He also denied having ever been physically violent toward Treva or taking a firearm to her home.

---

[1] Kenneth's father passed away in 2017.

At the close of evidence, the family court found that "[o]ver a year ago, [Kenneth] brought a gun to [Treva's] house and made her fearful. [Kenneth] has told [Treva] he wishes she was dead. [Kenneth] has anger issues and hit her at times when he was a juvenile. [Treva] is fearful of [Kenneth]." Record ("R.") at 16. The court entered a DVO prohibiting Kenneth from having any contact with Treva and restraining him from going near her home for a period of three years. The court subsequently denied Kenneth's motion to alter, amend, or vacate the judgment. This appeal followed.

"The standard of review for factual determinations is whether the family court's finding of domestic violence was clearly erroneous." *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010) (citations omitted). Findings are clearly erroneous where they are not supported by substantial evidence. *Id.* at 114-15 (citation omitted). The family court's application of law to the facts is reviewed *de novo*. *Buddenberg v. Buddenberg*, 304 S.W.3d 717, 720 (Ky. App. 2010) (citation omitted).

Before reaching the merits of Kenneth's appeal, we must address Treva's decision not to file an appellee brief herein. Where no appellee brief is filed, the Court may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and

reverse the judgment without considering the merits of the case." CR² 76.12(8)(c). Kenneth's statement of facts is consistent with the record and his brief reasonably sustains reversal of the family court's judgment. CR 76.12(8)(c)(ii).

On appeal, Kenneth argues: (1) there is insufficient evidence in the record to support the family court's finding that domestic violence had occurred; (2) due to the passage of time since the alleged incidents, there is insufficient evidence proving domestic violence may again occur; and (3) the family court improperly questioned Treva during the hearing on her petition.

First, the family court did not abuse its discretion in finding domestic violence had occurred. A court may enter a DVO if, following a hearing on the petition, it finds "by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS³ 403.740(1). "Domestic violence and abuse" is defined to include "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault[.]" KRS 403.720(1). Herein, the court found, based on Treva's testimony, Kenneth

---

² Kentucky Rules of Civil Procedure.

³ Kentucky Revised Statutes.

had previously hit her and made her fearful by bringing a firearm to her home. These findings are not clearly erroneous.[4]

Although domestic violence occurred in the past, there is insufficient evidence to support the family court's finding that it may again occur. KRS 403.740(1). "[A] DVO can be entered only after the court finds that there is an immediate and present danger of domestic violence[.]" *Rankin v. Criswell*, 277 S.W.3d 621, 626 (Ky. App. 2008). Stale actions alone are insufficient to prove domestic violence may again occur. *See Kouns v. Kemper*, No. 2020-CA-1335-ME, 2021 WL 3435538, *9 (Ky. App. Aug. 6, 2021).[5]

In this matter, according to the family court's findings, the acts of physical violence to which Treva testified occurred when Kenneth was a juvenile, at least twelve years prior to the filing of her petition. The incident involving the firearm occurred over a year ago. Treva did not testify to any acts of domestic violence or abuse which occurred more recently. On this basis, we must reverse the DVO.

Because we are reversing the DVO on other grounds, we need not address Kenneth's argument regarding the family court's questioning of Treva.

---

[4] We are unconvinced Kenneth's statement that he wished Treva had died instead of his father is domestic violence under KRS 403.720(1). Because this was not the only fact supporting the family court's finding of domestic violence, it alone does not necessitate reversal. However, we reverse the family court, as discussed below, on other grounds.

[5] We cite this unpublished opinion as persuasive, not binding, authority. *See* CR 76.28(4)(c).

Accordingly, we reverse the DVO and remand this matter to the Simpson Circuit Court, Family Division for entry of an order dissolving it.

ALL CONCUR.

BRIEF FOR APPELLANT:         NO BRIEF FILED FOR APPELLEE.

Tim Hendrix
Bowling Green, Kentucky