RENDERED:  MAY 13, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0712-ME

RYAN DRAIS                                                                       APPELLANT

v.                          APPEAL FROM BOONE CIRCUIT COURT
                          HONORABLE LINDA R. BRAMLAGE, JUDGE
                          ACTION NOS. 21-D-00018-002 AND 21-D-00018-003

MICHELLE A. DRAIS                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Ryan Drais appeals the Boone Circuit Court order dismissing

his petition for a domestic violence order (DVO) against Michelle A. Drais.

Additionally, he appeals a DVO issued by the same court upon Michelle's petition.

After reviewing the record, we affirm.

Ryan and Michelle are married but are currently divorcing.  At issue

in this appeal are two separate Boone Circuit Court DVO actions:  Nos. 21-D-

00018-002 and 21-D-00018-003. In the first, Michelle sought a DVO based on two events. She claimed Ryan pointed a firearm at the couple's youngest child and, on another occasion, Ryan tackled her to the ground to get her cellphone. In the second DVO action, Ryan alleged Michelle threatened to burn his social security card and birth certificate. He said he remained fearful of his safety and his children's safety. He also produced a thirteen second video, in which Michelle states: "I'm going to fucking kill you." The circuit court found Michelle's allegation in the first action constituted acts of domestic violence but concluded the acts Ryan alleged did not constitute acts of domestic violence. Consequently, the circuit court granted Michelle's DVO against Ryan and denied Ryan's DVO against Michelle.

On appeal, Ryan argues the circuit court erred when it granted Michelle's DVO and dismissed his. He requests this court to either reverse the DVO granted to Michelle or reverse the order denying his petition against Michelle. We decline to reverse either order.

Appellate courts may overturn a circuit court's order regarding a DVO petition only when the order is based on clearly erroneous factfinding, or when the circuit court has abused its substantial discretion. *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986) (citing *Bennett v. Horton*, 592 S.W.2d 460, 464 (Ky. 1979)).

A circuit court has the discretion to grant a DVO "if [it] finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS[1] 403.740. "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010). Under KRS 403.720(1), domestic violence and abuse is: "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members[.]" KRS 403.720(1). Under KRS 500.080(15), a physical injury "means substantial physical pain or any impairment of physical condition." KRS 500.080(15).

Having reviewed the record, there exists neither clearly erroneous findings, nor any abuse of discretion.

In No. 21-D-00018-002, Michelle described two incidents which fall under behavior enumerated in KRS 403.720(1) that would justify a DVO under KRS 403.740. Michelle clearly alleged Ryan committed an assault against their daughter and against her. Under our statutory scheme, KRS 403.740 gives a circuit court the discretion to engage in factfinding and weigh the evidence it hears. *See* KRS 403.740. The circuit court found, by the preponderance of the evidence,

---

[1] Kentucky Revised Statutes.

that Ryan assaulted their child and physically abused Michelle and that this behavior would likely occur again. Michelle presented multiple instances of Ryan's violent behavior, and the circuit court appropriately weighed the credibility of this testimony. Consequently, it granted the DVO Michelle requested. In doing so, the circuit court did not abuse its discretion.

Further, after review of the record, it does not appear Ryan alleged behavior appropriate for a DVO under KRS 403.720(1). Ryan merely alleges Michelle threatened to destroy his property, which does not fall under the conduct enumerated in KRS 403.720. *See* KRS 403.720. He never alleged Michelle injured him or acted violently toward him. Although he did produce a video in which Michelle threatens to kill him, the record does not show this threat created a "fear of imminent" physical injury.

In *Fraley v. Rice-Fraley*, this Court reversed a DVO when a wife the DVO was intended to protect contradicted herself regarding whether she feared for her safety from her husband and testified he never acted violently toward her or injured her. 313 S.W.3d 635, 636-38 (Ky. App. 2010). Ryan has not contradicted himself because he presented no affirmative evidence of fear or harm that he could contradict. He alleged no acts of violence and no episodes when Michelle acted violently toward him as did the wife in *Fraley*. Further, even if this video did constitute the requisite behavior, an important prong of the DVO requirements, set

-4-

forth in KRS 403.740, is that the circuit court must find the abuse may occur again. KRS 403.740. "Stale actions alone are insufficient to prove domestic violence may again occur." *Overstreet v. Overstreet*, No. 2021-CA-0756-ME, 2022 WL 67770, at *1-2 (Ky. App. Jan. 7, 2022) (citing *Kouns v. Kemper*, No. 2020-CA-1335-ME, 2021 WL 3435538, at *9 (Ky. App. Aug. 6, 2021)). The circuit court did not find, and we are directed to no proof, that Michelle's action toward him was more than a one-off incident – a stale action. There is no basis for concluding the threat would occur again.

Thus, the circuit court did not err in finding, by a preponderance of the evidence, Ryan did not allege facts sufficient to justify a DVO under KRS 403.740.

Accordingly, we affirm the decisions in both cases.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

James G. Noll
Newport, Kentucky

-5-