RENDERED:  JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1482-ME

EDWIN WINLAND                                                                    APPELLANT


v.
APPEAL FROM HARLAN CIRCUIT COURT
HONORABLE KENT HENDRICKSON, JUDGE
ACTION NO. 22-D-00115-001


MYKAL RINGSTAFF; JAALA
WINLAND; JENNA WINLAND;
JERED WINLAND; AND JESSICA
WINLAND                                                                            APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Edwin Allen Winland ("Winland") appeals the November

15, 2022 order of the Harlan Circuit Court.  We reverse and remand.

On August 1, 2022, Mykal Ringstaff ("Ringstaff") petitioned for

protection from domestic violence for himself and on behalf of his four

grandchildren against Winland, the children's father.  In his petition, he attested:

> I have custody of Edwin's children.  He is showing up at my home [and] at my church and being very aggressive.  He showed up . . . and trie[d] to tell the children not to listen to me.  He tells the kids to disobey.  He is angry.  I am very uncomfortable around him.  He scares my wife.  He acts in an aggressive manner[.]  He is deliberatly [sic] telling the kids to disobey.  He is trying to take them out of state.  He's been told to leave the property when he becomes aggressive but he refuses.  I fear he will take the kids and run.  He has guns[.]  My wife is terrified of him.  He says inapproprate [sic] things to my wife.

Record ("R.") at 9.  Winland was served with a summons on August 25, 2022.

The trial court heard the petition on September 12, 2022.  Winland was not present.  Ringstaff appeared *pro se*.  Based on testimony from Ringstaff and his wife, the trial court entered a domestic violence order ("DVO") on behalf of Ringstaff and the children.  The trial court found, by a preponderance of the evidence, that acts of domestic violence and abuse had occurred and may again occur.  The DVO prohibited Winland from having any contact or communication with Ringstaff and the children for three years.

Winland timely moved to alter, amend, or vacate the DVO on grounds that (1) the finding of domestic violence and abuse was unsupported by substantial evidence; (2) Ringstaff did not have standing to seek protection for himself because he does not have the requisite relationship to Winland under KRS[1] 403.720(3) or (6); and (3) Winland was entitled to be heard on the petition.  On

---

[1] Kentucky Revised Statutes.

November 15, 2022, the trial court granted Winland's petition, in part, and amended the DVO to remove protection for Ringstaff and to protect only the children.

This appeal followed.

Before we reach the merits of Winland's appeal, we must address Ringstaff's failure to file a brief on appeal.

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

RAP[2] 31(H)(3). Because they are supported by the record, we accept Winland's statement of facts and issues as correct.

Entry of a DVO requires a trial court to find "by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur[.]" KRS 403.740(1). "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010) (citation omitted). We review a trial court's finding of domestic violence for clear error. *Id*. (citations omitted). "Findings are

---

[2] Kentucky Rules of Appellate Procedure.

-3-

not clearly erroneous if they are supported by substantial evidence." *Id.* at 114-15 (citation omitted).

On appeal, Winland argues the trial court's finding of domestic violence and abuse under KRS 403.720(2)(a) was unsupported by substantial evidence. Alternatively, Winland argues he is entitled to be present and heard at a hearing on the petition.

In relevant part, "domestic violence and abuse" is defined as "[p]hysical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]" KRS 403.720(2)(a).

There is no substantial evidence on the record supporting the trial court's finding that Winland committed acts of domestic violence or abuse against the children. Ringstaff vaguely alleged Winland acted "aggressively" but did not testify to any threatening or violent action toward the children or any other person. He claimed Winland owned firearms but did not testify he used them or threatened to use them against the children or anyone else. There is no evidence on the record showing the children were fearful of Winland or felt threatened by him, but only that Ringstaff himself was embarrassed by Winland's behavior. Ringstaff's testimony primarily focused on Winland telling the children they were allowed to

disobey Ringstaff and his wife. Based on the lack of supportive evidence, the trial court's finding of domestic violence and abuse must be reversed.

We recognize "a person subject to a DVO is placed under significant restrictions." *Buddenberg v. Buddenberg*, 304 S.W.3d 717, 721 (Ky. App. 2010) (citation omitted). Because of its "enormous significance" for the parties, trial courts must be careful not to enter a DVO against the weight of evidence on the record. *Id.* (citations omitted). While Ringstaff may have legitimate concerns about Winland's behavior, those concerns would be more appropriately addressed in a separate custody action.[3]

Based on the foregoing, we reverse the November 15, 2022 amended DVO entered by the Harlan Circuit Court, and remand for entry of an order denying Ringstaff's petition for entry of a DVO on behalf of the children.

ALL CONCUR.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

C. Bishop Johnson
Pineville, Kentucky

---

[3] At the hearing on the petition, the trial court noted Ringstaff received temporary custody of the children through a separate domestic violence action he brought against his daughter, the children's mother. *See Winland v. Ringstaff*, 2022-SC-0421-DGE, 2023 WL 4037418, at *7 (Ky. Jun. 15, 2023).