RENDERED: AUGUST 25, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0145-ME

TIMOTHY LAZAR                                                                APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.        HONORABLE DWIGHT S. MARSHALL, JUDGE
ACTION NO. 22-D-00132-001

LINDA LAZAR (NOW OUSLEY)                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

JONES, JUDGE: Timothy Lazar (Tim) appeals from a domestic violence order (DVO) entered by the Family Court Division of the Floyd Circuit Court at the request of Linda Lazar (Linda). Tim argues the evidence did not support entry of the DVO, and that principles of laches, waiver, res judicata, and election of remedies otherwise barred it. After careful review, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Tim and Linda were married but going through a dissolution proceeding in the Family Court Division of the Floyd Circuit Court, which Linda initiated on March 17, 2022 (No. 22-CI-00125). In October 2022, Linda initiated this separate case before the same family court and presiding judge (No. 22-D-00132-001) and petitioned for a DVO against Tim. In sum, Linda alleged that during an incident in March 2022, Tim had grabbed her by the neck and had threatened to break it and kill her. She consequently ceased cohabitating with Tim and told him to stay away from her. However, on several occasions afterward, Linda and other witnesses spotted Tim driving his truck in the vicinity of her home. Considering Tim's prior conduct, along with her knowledge that Tim "packs pistols in his vehicle," Linda asserted that she required a DVO because she felt threatened that Tim would harm her again and possibly kill her. Following a hearing, at which Tim, Linda, and two witnesses called by Linda testified, the family court issued a DVO requiring Tim to have no contact with Linda and to stay at least 500 feet away from Linda and her residence. The DVO expires on May 15, 2024.

Tim moved to alter, amend, or vacate the DVO. First, he argued the DVO was based upon insufficient evidence, and that Linda's allegations of domestic abuse lacked credibility due to inconsistencies regarding where and when

it occurred. Second, he argued Linda's DVO petition was barred by laches because she did not file it until October 19, 2022 – over eight months after the alleged domestic violence incident. Third, he argued that principles of waiver, res judicata, or election of remedies barred Linda's DVO petition because an "agreed mutual restraining order and no contact order" (MRO) had already been signed in No. 22-CI-00125 on April 13, 2022. Tim asserted that the MRO entered in that other case had addressed roughly the same instance of domestic violence Linda had outlined in her DVO petition; and that the DVO was somewhat duplicative of the MRO, as the MRO already required Tim and Linda to remain at least 500 feet apart from each other.

Following a hearing, the family court denied Tim's motion to alter, amend, or vacate, explaining in its order:

> KRS[1] 403.725 does not deny the Petitioner the ability to seek additional protection outside of a mutual restraining order when warranted. Additional acts of domestic violence occurred after the mutual restraining order was entered, and because of this and the extra means of protection offered through a domestic violence order, a Petitioner's ability to seek increased protection should not be restricted by a civil mutual restraining order.

This appeal followed. Additional facts will be discussed as necessary in our analysis.

---

[1] Kentucky Revised Statutes.

## II. STANDARD OF REVIEW

> Domestic violence orders are a statutory creation, their issuance governed by Kentucky Revised Statute (KRS) 403.740. That provision, in relevant part, reads: "Following a hearing ordered under KRS 403.730, if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order[.]" KRS 403.740(1). On appeal, we review the trial court's factual findings for clear error, and legal conclusions for abuse of discretion. *Caudill v. Caudill*, 318 S.W.3d 112, 114-15 (Ky. App. 2010).

*Walker v. Walker*, 520 S.W.3d 390, 392 (Ky. App. 2017).

## III. ANALYSIS

On appeal, Tim reasserts the arguments he posited below. Accordingly, we begin with his first contention, *i.e.*, that the DVO was based upon insufficient evidence. We disagree that any error occurred in this regard. During the evidentiary hearing, and consistently with KRS 403.740(1), Linda presented substantial evidence supporting that domestic violence occurred in March 2022, and that she had reason to fear that it may again occur. In that vein, Linda testified consistently with the allegations of her petition. She added that since the March 2022 incident, Tim had driven near her home about five times, most recently on the Friday prior to the November 15, 2022 evidentiary hearing; and that there was no reason for Tim to be driving in the vicinity of her home because Tim's residence is in Johnson County and her residence is in Floyd County. Her ex-

husband, Lannie Hunt, testified that he was at Tim's residence in Johnson County with Linda during the March 2022 incident, and that at that time he witnessed Tim make insulting comments about Linda and then grab Linda by the neck and "jerk" her, which "scared [Linda] to death." Lannie testified that since March, he has witnessed Tim drive by Linda's house about six times, and that he has recorded each instance on his phone.[2] Linda's daughter, Angela Hunt, also testified that she was with her mother at Tim's residence at the time of the incident, and that she heard Tim threaten to break Linda's neck and claim that he would "get away with it and that there was nothing [Linda] could do about it." Angela testified that since March 2022, she has seen Tim drive his truck past the house she shares with Linda five or six times; that he has come up their driveway at least once; and that Tim has approached her at her workplace on one occasion, asking about Linda's whereabouts.

For his part, and without citing the appellate record, Tim notes he testified that he did not abuse Linda at any point in time. He also asserts that his testimony should have been deemed more credible than Linda's evidence because Linda's evidence was affected by inconsistencies regarding the date in March 2022 that the domestic violence incident allegedly occurred, along with its location. He

---

[2]  Lannie was never asked to present any recording of Tim driving near Linda's house, nor did Tim press Lannie for additional details.

argues the family court should have assigned no weight to Linda's evidence because Linda and each of her witnesses indicated at the evidentiary hearing that the domestic violence incident occurred on *March 12*, 2022, at his residence in *Johnson* County. However, he notes that Linda also testified that the domestic violence incident occurred on the date she separated from him; and that Linda previously indicated (in the divorce petition she filed in No. 22-CI-00125) that she had separated from him on *March 11*, 2022, and alleged (in her DVO petition) that the abuse at issue had occurred in *Floyd* County, not Johnson County.

However, the inconsistency regarding the date of the alleged abuse is trivial at best. Tim ignores that Linda testified the incident occurred on March 12, 2022, because, as she further testified, she was certain that the incident had occurred on the *Friday* she separated from Tim prior to when she filed her March 17, 2022 divorce petition. In line with that statement, the parties' respective counsel and the family court then prefaced each of their questions to the witnesses by asking them what they witnessed of the incident that occurred on Friday, March 12, 2022, and each of the witnesses incorporated that date in their responsive testimony. Keeping that in mind, we may take judicial notice of the fact that March 11, 2022, was a *Friday*. In other words, while Linda and her witnesses may have gotten the *date* wrong by a margin of one day, there is no dispute that the alleged incident occurred on the *Friday* Linda separated from Tim. As for the

-6-

location of the alleged abuse, Linda and her witnesses testified it occurred at Tim's residence in Johnson County. When asked why she had indicated "Floyd County" in her DVO petition, Linda further testified that she did so "because Tim is constantly coming in my neighborhood, and he's got no business in my neighborhood." To the extent these minor discrepancies reflected poorly upon the credibility of Linda's evidence, it was the family court's prerogative to ignore them and nevertheless assign Linda's evidence more weight. *See Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). The family court committed no clear error in doing so. *See* Kentucky Rule of Civil Procedure (CR) 52.01.

Proceeding to his second argument, Tim contends Linda's DVO petition was barred by laches because she did not file it until October 19, 2022 – over eight months after the alleged domestic violence incident. We disagree. In general, the doctrine of laches "bars claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." *Greer v. Arroz*, 330 S.W.3d 763, 766 (Ky. App. 2011) (citation omitted). Here, assuming this doctrine has any application, there was no "unreasonable delay." According to her evidence, *since* March 2022 – indeed, as recently as a week before the November 15, 2022 evidentiary hearing – Tim has driven his truck to or near her home on several occasions, and Linda is aware that he "packs pistols in his vehicle." Linda was not

merely seeking redress for an instance of domestic violence that occurred in March 2022. She was seeking a protective order because she continued to feel threatened and had reason to believe that domestic violence could reoccur absent judicial intervention.

Regarding Tim's remaining arguments, we disagree that the MRO entered in No. 22-CI-00125 precluded the family court from entering the DVO in this matter. To begin, res judicata has no application here. The MRO entered in that other matter was not entered pursuant to the DVO statute, nor was it based upon the same conduct at issue; it was merely a restraining order with no expiration date that was solely authorized by and predicated upon the parties' mutual agreement.[3] More to the point, even *if* the MRO entered in that other matter constituted a DVO, and even *if* that MRO was based upon the same alleged incident of Tim's domestic violence against Linda,[4] res judicata would not have prohibited the family court in this matter from citing that same alleged incident – taken in conjunction with Tim's continuing conduct thereafter – as a basis for issuing a new, subsequent DVO in favor of Linda. In *Walker*, 520 S.W.3d at 392, we considered "whether the proof sufficient for the issuance of one DVO can be

---

[3] There is no dispute that the MRO entered in No. 22-CI-00125 did not qualify as a DVO. Further underscoring this point, Tim complains in his brief that the MRO – unlike the DVO at issue here – did not subject him to penalties under federal law for possessing firearms.

[4] To be clear, the parties agreed to the MRO in No. 22-CI-00125 after Tim sought a DVO against Linda in that matter. His DVO petition, which was dismissed, alleged that *she* had abused *him* on March 11, 2022.

considered as proof for a subsequent DVO[,]" and answered that question in the affirmative.

As for Tim's assertions that principles of waiver or election of remedies also apply, these also lack merit. He cites no authority favoring his position, we are aware of none, and we have previously held the contrary in roughly similar circumstances. *See, e.g.*, *Kiser v. Kiser*, No. 2018-CA-000812-ME, 2019 WL 169204, at *3 (Ky. App. Jan. 11, 2019) (unpublished)[5] ("Although the DVO statute allows enforcement of a DVO after a violation to either a criminal or contempt proceeding, this has no effect on whether a DVO can be sought when there is already a [temporary restraining order] in a civil case.").

## IV. CONCLUSION

Tim's appellate arguments lack merit. Accordingly, we affirm the Floyd Family Court's domestic violence order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jacob Thomas Moak
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Courtney Taylor
Evan Smith
Prestonsburg, Kentucky

---

[5] Although unpublished, we regard *Kiser* as persuasive, and an unpublished opinion may be considered as permitted by Kentucky Rules of Appellate Procedure (RAP) 41.