RENDERED:  JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0138-ME

KEVIN CHRISTOPHER SHARPTON                                        APPELLANT


v.          APPEAL FROM WARREN CIRCUIT COURT
            HONORABLE DAVID A. LANPHEAR, JUDGE
            ACTION NO. 23-D-00616-001


KATHERINE AMANDA LOTT; A.S.,
A CHILD; G.S., A CHILD; AND L.S.,
A CHILD                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE:  Kevin Christopher Sharpton ("Appellant") appeals

from findings of fact, conclusions of law, and order of protection entered by the

Warren Circuit Court on January 22, 2024.  He argues that the circuit court

improperly determined that a preponderance of the evidence supported the

conclusion that domestic violence and abuse has occurred and may again occur.

After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

In November, 2023, Katherine Amanda Lott ("Appellee") filed a petition in Warren Circuit Court seeking an emergency protective order restraining Appellant from contact with her and the parties' three children.[1]  Appellee alleged that Appellant told her he was going to evict her; that he told the children that Appellee was going end up in a homeless shelter; that he put a gun to her head and "threatened to blow my brains out"; and, that she and the children were not allowed to leave the house without him.  Appellee also claimed that she and the children were being held against their will; that Appellant regularly harms and kills the parties' pets in front of the children; and, that there are six dogs buried in the backyard.

It appears that an emergency protective order was entered, and on January 22, 2024, a hearing was conducted to consider Appellee's petition for a domestic violence order ("DVO").  At the hearing, the parties accounts differed greatly as to the nature of their relationship.  Appellee continued to maintain that she and the children were prisoners in the home, and that Appellant threatened her and was abusive.  In contrast, Appellant testified that Appellee had a vehicle and regularly went to the grocery, to pick up carry-out food, and to run errands.  He also stated that Appellee had a cellular phone and money and gas for the vehicle.

---

[1] The parties were in a relationship for 14 years but were not married.

In addition, Appellant stated that the children were homeschooled and that Appellee was an alcoholic. Whereas Appellee claimed that Appellant forced her to have sex, Appellant claim that their sex life was non-existent.

After taking proof, the Warren Circuit Court rendered findings of fact, conclusions of law, and a DVO against Appellant barring him from most contact with Appellee and the children for three years. Specifically, the court found that Appellee established by a preponderance of the evidence that acts of domestic violence and abuse have occurred and may occur again. In support of this conclusion, the court pointed to its finding that Appellee's testimony was more credible than that of Appellant on the question of whether Appellant tortured and killed animals on the parties' property. The court also found that Appellee was credible when she testified that she could only leave the house when its served Appellant's needs. This appeal followed.

## STANDARD OF REVIEW

On review of a domestic violence order, the question is not whether we would have decided the matter differently. *Gibson v. Campbell-Marletta*, 503 S.W.3d 186, 190 (Ky. App. 2016). Rather, we must determine if the circuit court's findings were clearly erroneous and if the decision constituted an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's ruling is "arbitrary,

unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Warren Circuit Court committed reversible error when it entered the DVO barring him from most contact with Appellee and their children for three years. Appellant directs our attention to Kentucky Revised Statutes ("KRS") 403.740(1), which provides that a DVO may be entered only on a finding from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur. Pointing to *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010), Appellant states that the preponderance of the evidence standard is satisfied when sufficient evidence establishes that the alleged victim was more likely than not a victim of domestic violence. For the reasons noted above in his testimony at the DVO hearing, Appellant argues that the evidence does not establish that it is more likely than not that Appellee was a victim of domestic violence and that such violence may occur again. That being the case, Appellant maintains that KRS 403.740(1) was not satisfied, and that the Warren Circuit Court erred in failing to so rule.

> A court may grant a DVO, following a full hearing, "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have

occurred and may again occur[.]" KRS 403.750(1).[2] "'Domestic violence and abuse' means physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between . . . members of an unmarried couple[.]" KRS 403.720(1).[3] To satisfy the preponderance standard, the evidence believed by the fact-finder must show that the victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky. 1996). "On appeal, we are mindful of the trial court's opportunity to assess the credibility of the witnesses, and we will only disturb the lower court's finding of domestic violence if it was clearly erroneous." *Buddenberg v. Buddenberg*, 304 S.W.3d 717, 720 (Ky. App. 2010).

*Hohman v. Dery*, 371 S.W.3d 780, 782 (Ky. App. 2012).

Proof in support of the DVO was adduced in the form of Appellee's testimony that Appellant put a gun to her head and threatened to kill her. This claim taken alone, and if found credible, is sufficient to support the DVO. Additionally, Appellee testified that Appellant forced her to have sexual intercourse, isolated her from the children, and tortured and killed several family pets. While the court acknowledged that it was not present when these things allegedly occurred, it stated that, "I find her testimony about those things to be

---

[2] The preponderance of the evidence standard for determining domestic violence used to be located in KRS 403.750(1). As of January 1, 2016, the preponderance of the evidence standard is now located in KRS 403.740(1).

[3] This definition can now be found in KRS 403.720(2).

credible." Per *Hohman*, *supra*, the circuit court is best situated to make this determination.

The dispositive question on appeal is whether Warren Circuit Court's findings were clearly erroneous, and if its ruling constituted an abuse of discretion. *Gibson*, *supra*. The circuit court's findings were based on the evidence of record, which the court found credible. As such, those findings are not clearly erroneous. Because the decision was based on those findings, it is not arbitrary, unreasonable, unfair nor unsupported by sound legal principles. *English*, *supra.*

## **CONCLUSION**

The Warren Circuit Court concluded from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred, and may again occur. KRS 403.740(1). The record supports this conclusion, and accordingly we find no error. For these reasons, we affirm the findings of fact, conclusions of law and DVO of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Katina B. Miner
Bowling Green, Kentucky

-6-