RENDERED: JUNE 26, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0978-ME

RYAN MITCHELL YODER                                           APPELLANT

APPEAL FROM KENTON CIRCUIT COURT, FAMILY DIVISION
v.                    HONORABLE THOMAS A. RAUF, JUDGE
ACTION NO. 25-D-00156-001

E.Y., A MINOR CHILD; J.Y., A
MINOR CHILD; R.Y., A MINOR
CHILD; AND WHITNEY MEREDITH
YODER                                                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is a domestic violence case.  Appellant is Ryan Mitchell

Yoder (Father).  Appellee is Whitney Meredith Yoder (Mother).  Mother filed a

domestic violence petition on April 23, 2025, on behalf of herself and the parties'

three minor children against Father in Kenton Circuit Court, Family Division.[1]

---

[1] The children are also captioned as Appellees.

The family court initially continued the case to allow the guardian *ad litem* (GAL) to interview the children.  After an evidentiary hearing, the court issued a Domestic Violence Order (DVO) on May 28, 2025.  Father filed motions pursuant to CR[2] 59.05, CR 52.02, and CR 60.02.  The basis for the latter was Mother's testimony wherein she stated that one of father's mental health counselors, Dr. Paul Schmidt, warned her that she was unsafe around Father.  Father subsequently filed a letter from Dr. Schmidt in support of his CR 60.02 motion wherein Dr. Schmidt denied telling Mother that she was unsafe around Father.

On July 11, 2025, the family court granted the CR 52.02 in part and amended its findings.  The court denied the CR 59.05 and CR 60.02 motions.  The court clarified that temporal proximity between incidents and the petition was not dispositive considering the evidence of a "common domestic violence cycle" with intermittent reconciliation.  The court reaffirmed its previous order wherein it determined that the statutory requirements were satisfied.  For the following reasons, we affirm.

**<u>STANDARD OF REVIEW</u>**

We review the family court's factual determinations for clear error.  CR 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986).  Findings are not

---

[2]  Kentucky Rules of Civil Procedure.

clearly erroneous if they are supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). However, "with regard to the trial court's application of law to those facts, this Court will engage in a *de novo* review." *Buddenberg v. Buddenberg*, 304 S.W.3d 717, 720 (Ky. App. 2010) (citation omitted). Ultimately, "in reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the findings of the trial judge were clearly erroneous or that he abused his discretion." *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982) (citation omitted).

CR 60.02 provides in relevant part: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (c) perjury or falsified evidence . . . ." "We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). With these standards in mind, we return to the record and law at issue in the present case.

## ANALYSIS

Father raises three arguments: 1) grabbing his daughter's arm does not qualify as domestic violence; 2) verbal arguments between the parties do not qualify as domestic violence; and 3) the court erred in denying his CR 60.02 motion. Each will be addressed in turn. We begin with the latter.

The family court did not rely on Mother's brief testimony wherein she stated that Dr. Schmidt warned she was unsafe with Father. Moreover, there is no indication that the result would have been different here if Dr. Schmidt's post-judgment letter was considered by the court in its ruling. *Meece v. Commonwealth*, 529 S.W.3d 281, 289-90 (Ky. 2017). Therefore, the family court did not abuse its discretion in denying Father's CR 60.02 motion.

KRS[3] 403.740(1) provides that a court may issue a DVO after conducting a hearing in accordance with KRS 403.730 and the court "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur . . . ." "Domestic violence and abuse" means:

> physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members . . . .

KRS 403.720(2). *See also Pettingill v. Pettingill*, 480 S.W.3d 920, 924-25 (Ky. 2015). "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Johnston v. Johnston*, 639 S.W.3d 428, 431 (Ky. App. 2021) (quoting *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010)).

---

[3] Kentucky Revised Statutes.

However, a DVO "cannot be granted solely on the basis of the contents of the petition." *Rankin v. Criswell*, 277 S.W.3d 621, 625 (Ky. App. 2008).

The family court's findings relied primarily on Mother's testimony. However, it is undisputed that the couple had separated numerous times and that Father has significant mental health issues for which he has not always taken his prescribed medications. The evidence presented may be summarized as follows: 1) Father grabbed his five-year-old daughter's arm so tightly that skin was squeezing out; she said "ouch," appeared in pain, and her arm was very red. He then forced her into a seated position; 2) Father threatened Mother, locked her out of the house, threatened to take the children, and controlled access to money and food; and 3) mental health findings included that Father reported hearing voices—at least one time instructing him to harm Mother—was diagnosed with psychosis, and was prescribed medications reflected in the trial exhibits. The court included in its findings that Father disputes the psychosis diagnosis but acknowledges cognitive confusion. The court noted that although some hearsay testimony was presented without objection, that it did not rely on hearsay in reaching its decision, and referenced its duty to assess credibility under CR 52.01.

Pursuant to Father's CR 59.05 motion, the family court amended its order to include, *inter alia*, findings of physical aggression by Father toward Mother including yelling, threats, and angry outbursts; testimony of pet abuse;

threats of self-harm in the presence of a firearm; and that Father had an addictive personality, including alcohol use which had been limited within the past year and not consumed in front of the children. The court concluded that all prior findings remained in effect except as modified.

Father specifically contends that the family court improperly relied on one disciplinary incident where he grabbed his daughter's arm, left no bruise or need for medical care, and thus did not constitute "physical injury" under KRS 403.720(2)(a). In support, Father cites to the penal code's definition of physical pain as requiring "substantial physical pain or any impairment of physical condition[.]" KRS 500.080(17). It can also mean "[p]hysical damage to a person's body." *Physical Injury*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Father further cites to *Petrie v. Brackett*, 590 S.W.3d 830, 836 (Ky. App. 2019) (vacating DVO where "the family court's failure to make a finding of a physical injury, past or present physical threats of abuse, or fear of imminent harm, wholly undermined its decision to grant the DVO."). Unlike *Petrie*, the family court in the present case made detailed findings concerning Father grabbing his daughter's arm, the resulting injury, and her reaction to the pain. Thus, having reviewed the trial testimony, we believe this specific incident constituted "physical injury" under the statute.

Similarly, the record reflects Mother's fear of imminent physical injury was reasonable. She testified in detail concerning multiple instances during which she was very fearful for her physical safety, including at least one instance where Father clenched his fists near her face during a verbal argument. Although that specific event was not memorialized in the family court's orders, it is well-settled that an appellate court may affirm a lower court for any reason supported by the record. *See, e.g.*, *Kentucky Farm Bureau Mutual Insurance Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991).

We arrive at this result somewhat cautiously. Indeed, this is not a "run of the mill DVO case." *Caudill*, 318 S.W.3d at 115 (reversing DVO where there was "[a]t most, there was an unwanted touching . . . ."). *See also Hall v. Smith*, 599 S.W.3d 451, 454 (Ky. App. 2020) (concluding that "there was no testimony elicited which would provide a proper basis for entry of a domestic violence order as there was no testimony about an imminent danger of domestic violence."). Unlike *Caudill* and *Hall*, however, we believe that the evidence here, "more likely than not," constitutes domestic violence. The totality of the evidence memorialized in the court's finding also indicates, "more likely than not," that such abuse may again occur. In sum, we cannot conclude that the trial court clearly erred or otherwise abused its discretion.

## CONCLUSION

For the foregoing reasons, the Kenton Family Court's Domestic Violence Order entered May 28, 2025, as amended by Order entered July 11, 2025, is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Hillary A. Hunt
Ft. Wright, Kentucky

BRIEF FOR APPELLEE WHITNEY MEREDITH YODER:

Robert Gary Defusco
Covington, Kentucky